### CORNELI v. MOORE, Internal Revenue Collector.

(District Court, E. D. Missouri, E. D.    September 21, 1920.)

No. 5282.

1. **Intoxicating liquors ⟺325—Before Eighteenth Amendment, whisky was "property."**
   Before the adoption of the Eighteenth Amendment, whisky was "property," and property rights therein were as full and complete as they were with reference to any other sort of personal property.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Property.]

2. **Constitutional law ⟺87—Statute restricting use and possession of property confiscates it.**
   A statute, which has the effect of restricting the use and possession of personal property owned by a citizen, confiscates such property within the purview of Const. Amend. 5.

3. **Injunction ⟺22—Equity will not compel acceptance of tax on whisky which plaintiff cannot remove.**
   Even though the National Prohibition Act does not prohibit the acceptance of the internal revenue tax on whisky stored in bond from one who had no right under that act to remove the whisky from the warehouse, equity will not compel the acceptance of such tax, and the delivery of possession to the owner of the whisky.

4. **Intoxicating liquors ⟺17—Prohibition of transportation of liquor valid under Eighteenth Amendment.**
   Volstead Act, tit. 2, § 3, forbidding the transportation of liquor for beverage purposes, is valid under Const. Amend. 18, which forbids the manufacture, sale, or transportation of such liquor for beverage purposes.

5. **Constitutional law ⟺87—Intoxicating liquors ⟺13—Provisions of Eighteenth Amendment, contrary to Fifth Amendment, are controlling.**
   Though the Eighteenth Amendment to the Constitution did not abrogate the Fifth Amendment, its provisions are controlling, where they conflict with the provisions of the earlier amendment, so that the prohibition of the transportation of intoxicating liquor authorized by the later amendment is constitutional though it amounts to a confiscation of property under the Fifth Amendment.

6. **Intoxicating liquors ⟺138—Liberal construction of Volstead Act prevents removal of whisky for personal consumption.**
   Under the provisions of Volstead Act, tit. 2, § 3, that the act shall be construed liberally to prevent the use of liquor for beverage purposes, it will not be construed to permit the removal of the whisky stored in warehouses for such purposes, unless such construction is too clear for reasonable dispute.

---

⟺For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Equity. Suit by Charles Corneli against George H. Moore, Collector of Internal Revenue. Motion of defendant to dismiss bill sustained.

Elliott W. Major and Glendy B. Arnold, both of St. Louis, Mo., for plaintiff.

Benj. L. White, Asst. U. S. Atty., of St. Louis, Mo., for defendant.

FARIS, District Judge. Complainant files his bill in equity, praying for a decree compelling defendant, as collector of the internal revenue for the First district of Missouri, to accept the internal revenue taxes on a certain barrel of whisky, owned by complainant, and now contained in a bonded warehouse of the United States, and to deliver this whisky to complainant. The whisky was bought by complainant in bond in the spring of 1917, and complainant avers he has ever since owned the same and now owns it. Complainant avers (and this, perforce the state of the pleadings, is admitted) that he desires to obtain this whisky and transport it to his residence for use by him in a way permitted by law; that is, for his own personal consumption as a beverage. To this end complainant has tendered to defendant in cash the amount of taxes due on this whisky and has demanded from defendant the possession thereof, which defendant has refused.

Defendant has filed his motion to dismiss complainant's bill on the ground that no facts are stated therein which entitle complainant to the relief for which he prays. As a part of these grounds for dismissal, I am met in limine with the contention that an action in equity will not lie, because complainant has an adequate remedy at law. This contention I put aside for the present, and I shall first discuss whether there exists a right in complainant, in either law or equity, to the relief he prays for. Should I reach a warranting conclusion as to complainant's right, I shall then consider his remedy.

Complainant insists: (a) That the whisky in question is property in the same sense that a house or a horse is property; that his property rights therein are therefore as full and complete with reference to whisky as they are with reference to any other sort of personal property: (b) that the refusal to allow him to use this whisky in a way not forbidden by law is tantamount to confiscation, for that the right of property connotes the right of possession, and the right of use in any manner which the law does not forbid; and (c) that any law which restricts the broad property right of complainant is void, because in conflict with the Fifth Amendment to the Constitution of the United States, for that it takes away, or confiscates, the property of defendant.

[1] Complainant's first proposition may be fully and candidly conceded. The courts everywhere, in dealing with property rights in whisky before the adoption and ratification of the Eighteenth Amendment, have uniformly so held. Citation of authorities would therefore be a waste of time.

[2] I also think it may be conceded that any statute which restricts the use and possession of personal property owned by the citizen has the effect to confiscate such property, within the purview of the Fifth Amendment, for that it deprives the owner of certain inherent rights

which are inalienable attributes of ownership. It follows that it does not aid the argument to urge that the rule does not apply because the property is not physically taken, or the ownership disturbed, but that the use and possession are merely restricted. In short, the owner may not in such use exercise his own volition, but is compelled to use the property in a way he does not desire to use it, or not use it at all. Without further discussion it may be conceded that a confiscation of complainant's personal property technically exists, when the matter is regarded solely from the viewpoint which was open to us before the adoption of the Eighteenth Amendment.

[3] The question is whether any constitutional right of complainant has been violated by this confiscation. If what is being done is being done under a statute, and if that statute is constitutional, it is clear the inquiry ends right here. Section 3 of title 2 of the act of October 28, 1919 (41 Stat. 305), commonly called the "Volstead Act," provides that—

"No person shall on or after the date when the Eighteenth Amendment of the Constitution of the United States goes into effect, manufacture, sell, barter, transport, import, export, deliver, furnish or possess any intoxicating liquors except as authorized in this act, and all the provisions of this act shall be liberally construed to the end that the use of intoxicating liquor as a beverage may be prevented. Liquors for non-beverage purposes and wine for sacramental purposes may be manufactured, purchased, sold, bartered, transported, imported, exported, delivered, furnished and possessed, but only as herein provided."

I think it is clear that the prohibition of the above statute against "transporting" intoxicating liquors would effectually prevent complainant from moving this whisky from the bonded warehouse to his residence for the purpose of there consuming it for beverage purposes. Neither does the act anywhere contain any provision authorizing transportation for such a purpose. But, on the contrary, transportation of such sort is made a criminal misdemeanor.

I need not consider whether the defendant is or is not compellable to take the tax on this liquor. If it were for argument's sake to be conceded that he is, this concession does not help complainant. For if complainant, having paid the tax, and having gotten the whisky into his constructive possession, yet could not transport it to his residence without violating, and thus becoming amenable to, the criminal provisions of the act, it is plain that equity ought not to afford relief. Certainly a court of equity ought not to become particeps criminis to an offense against the law. In short, equity will not aid defendant to do an act which will, when done, constitute a crime, and an act, therefore, which, when done, would be vain and useless.

Complainant ably urges the view that there is in the Volstead Act no express provision—no written letter of the law—forbidding the defendant from accepting the money due for taxes on his barrel of whisky and delivering the same to complainant. It seems fairly plain that complainant's contention is, in the spirit, if not the letter of the law, too broad. If defendant delivered possession of this whisky to complainant at the door of the warehouse, the section I quote above forbids

complainant to transport it from such place, or to actually possess it at such a place. Not being a permittee under the provisions of the act, complainant can actually possess liquor only in his own residence, or constructively only in a bonded United States warehouse. He cannot transport it, except from one bona fide residence to another. The effect of such a statute as this may be to confiscate the complainant's whisky, for that it limits and restricts his volition in the use thereof; but, if the statute is constitutional, the situation is one arising from majority rule, and is not one to be ameliorated by the courts.

[4] The provisions of section 3 of the Volstead Act which forbid the transportation of liquor are, I think, clearly permissible under the terms of the Eighteenth Amendment. This amendment forbids the manufacture, sale, or transportation of such liquors, when designed for beverage purposes, "except as authorized in this act." It does forbid, expressly, I think, such transportation as complainant desires to make here. Such provision is warranted by the Eighteenth Amendment.

[5] But it is contended that the Fifth Amendment has not been abrogated by the Eighteenth Amendment. Broadly speaking, this is, of course, true. The adoption of an amendment to the organic law, which does not expressly change or repeal a former provision, necessitates construction of the effect of such amendment upon the older provision. A constitutional amendment cannot be unconstitutional. If it is in conflict with an older provision, so that the two cannot be reconciled or construed together, clearly the older one must yield at the tangent of conflict to the newer law. Courts have found themselves compelled to adopt, for the construction of constitutional provisions, rules strikingly similar to the rules used in construing statutes. It may be a matter of regret that age-old provisions making for the liberty of action of the citizen have been encroached upon, and to a degree whittled away; but this is not a matter wherein the courts may relieve. It is a political question, and not a judicial one.

It follows that, if a newer constitutional amendment in point of time of adoption permits, as the Eighteenth Amendment obviously does, the passage of a law which forbids the transportation of whisky, a law which is well within the constitutional grant of power on this point is not unconstitutional, even though the effect of such a law may be to encroach upon the rights given by older provisions of the organic law, and theretofore deemed to be inalienable. I am of the opinion that the provision of section 3 of the Volstead Act, which forbids the transporting of liquor, prohibits as a matter of law the granting of the relief prayed for, and that such prohibition is constitutional.

[6] In reaching this conclusion I have held in mind, without considering, other provisions of this act, which I also quote supra from section 3. These provisions are that the act is to be construed liberally, so that the use of liquor for beverage purposes may be prevented. Considering the effect of holding, as complainant urges, largely as a matter of academic interest, since I reach the same view on strictly legal grounds, unaffected by the sentimental phase, it is clear that, if complainant's contention should be adopted, it is possible, by pur-

suing practical and obvious methods of procedure, to turn loose upon this country, for alleged consumption as a beverage by the owners, all of the 60,000,000 gallons of whisky said by the public press to be now stored in warehouses. In the light of the legislative command of liberal construction in favor of preventing the use of liquor as a beverage, such a result ought not to be permitted, except in a case where the law favoring such a view is too clear for reasonable dispute. I do not find the law to be thus clear in this case, and I conclude that the defendant's motion to dismiss complainant's bill ought to be sustained, on the ground that the bill states no facts warranting the granting of the relief prayed for. This view renders any discussion of the other point reserved unnecessary.

Let the motion to dismiss be sustained.