## CORNELI v. MOORE, Internal Revenue Collector.

(District Court, E. D. Missouri. December 11, 1920.)

No. 5519.

1. **Equity ⬅⟶363—Motion to dismiss bill confesses facts well pleaded.**
    Motion to dismiss plaintiff's bill in effect confesses all facts in the bill which are well pleaded.

2. **Intoxicating liquors ⬅⟶138—Transportation for beverage purposes forbidden.**
    The transportation of liquor for beverage purposes, except by permittees, is forbidden by the Volstead Act.

3. **Evidence ⬅⟶34—Judicial notice taken of duration of operation of Wartime Prohibition Act.**
    The court will judicially notice whether Wartime Prohibition Act Nov. 21, 1918, continues in force.

4. **Internal revenue ⬅⟶24—Internal revenue collector cannot lawfully accept taxes on and deliver warehoused liquor for beverage purposes.**
    Wartime Prohibition Act Nov. 21, 1918 (Comp. St. Ann. Supp. 1919, § 3115$^{11}$⅟₁₂f), prohibiting during its continuance the removal, for beverage purposes, of distilled spirits held in bond, precludes an internal revenue collector from accepting taxes on a barrel of whisky stored in a bonded government warehouse, of which he is custodian, and affixing thereto and canceling the proper revenue stamps and delivering the barrel to the owner, a private individual, for the purpose of transporting it to his dwelling to be there used as a beverage for himself, his family, and guests.

5. **Internal revenue ⬅⟶24—Right to delivery of liquor in bond confined to permittees.**
    Under Volstead Act, tit. 2, § 6, prohibiting the transportation, etc., of liquor without a permit, a collector of internal revenue, having the custody of liquor in a bonded warehouse, is not allowed to accept any money as taxes on such liquor from, or to affix and cancel stamps thereon for, or to deliver such liquor to, any persons except those who present to him a permit issued by the Commissioner of Internal Revenue.

In Equity. Suit by Charles Corneli against George H. Moore, Collector of Internal Revenue of the United States for the First District of Missouri. On motion to dismiss plaintiff's bill. Motion sustained.

Elliott W. Major and Glendy B. Arnold, both of St. Louis, Mo., for plaintiff.

James E. Carroll, U. S. Atty., of St. Louis, Mo., for defendant.

FARIS, District Judge. Plaintiff sues by injunction to compel defendant, as collector of internal revenue of the First collection district of Missouri, to accept the taxes on, affix thereto and cancel the proper internal revenue stamps, and to deliver to plaintiff possession of, a certain barrel of whisky, now stored in a bonded government warehouse in the city of St. Louis, Mo., which whisky in said warehouse is in the custody of the defendant. Defendant moves to dismiss the bill of plaintiff because of lack of equity therein.

This motion is bottomed wholly on the assumption that, under the provisions of the Volstead Act (41 Stat. 305) and other applicatory statutes, plaintiff has no right to the possession of this barrel of whisky,

and defendant, as collector, has no authority to accept the payment of the tax, or affix and cancel stamps evidencing such payment, or to deliver such whisky to plaintiff. I do not understand that the procedure here, or the nature of the remedy, is questioned. If there be such question, the point may be laid aside, until it be ruled that the right contended for exists; thereafter I can examine into the reserved question of the remedy.

[1] It is unnecessary to say that the motion to dismiss has the effect to confess all facts in the bill of plaintiff which are well pleaded. These facts, as gleaned from the bill, run substantially thus: Plaintiff bought in the month of September, 1916, and now owns, a certain barrel of whisky. This whisky is now in a so-called bonded warehouse of the United States, situate in the city of St. Louis, and is contained in a certain barrel which plaintiff definitely and sufficiently describes. This barrel of whisky contains 33½ gallons, on which the tax due the United States is $214. Plaintiff desires to pay this tax, have affixed to the container and canceled the necessary stamps evidencing such payment, and obtain possession and control of this barrel of whisky, for the purpose of transporting it to his own private dwelling in St. Louis, and there using it as a beverage for himself, his family, and his bona fide guests. Defendant is the official custodian of all whisky in the warehouse in question, and has in his possession the keys to such warehouse, and has refused to allow plaintiff to obtain possession of his said whisky, or to accept the tax due thereon, which plaintiff has tendered, or to affix thereto and cancel all such revenue stamps as are required by law.

Upon the facts, admitted in the mode stated above to be true, the two questions which come up for judgment are: (a) Whether the Volstead Act and other laws now in force will permit defendant to accept payment of the tax tendered, affix and cancel the revenue stamps required by law to be affixed to whisky on its removal from bond, and to deliver to plaintiff the whisky in controversy; and (b) whether on such delivery plaintiff may lawfully transport this whisky to his private dwelling for the sole uses and purposes above stated.

[2] When an exactly similar and equally strong case for plaintiff was lately before me (Corneli v. Moore, 267 Fed. 456), I was of the opinion, which I still hold, that the transportation of liquor for beverage purposes is forbidden by the Volstead Act, except by permittees. The Volstead Act, both by its explicit language and under interpretation by rules of statutory construction, which have not even been doubted by any respectable court for 100 years, plainly forbids any sort of transportation of intoxicating liquor, except by a permittee, and then only for medical uses or sacramental purposes. To these views I am constrained to adhere, except in so far as the ruling made by the Supreme Court of the United States in the case of Street v. Lincoln Safe Deposit Company et al., 254 U. S. ——, 41 Sup. Ct. 31, 65 L. Ed. —— (not yet officially published), decided on the 8th day of November, 1920, may have had the effect, if at all, to encroach on or overrule the opinion announced by me in the former Corneli Case.

The facts in the Street Case are sui generis; peculiar, in short, to

themselves. So regrettably narrow are they that it is hardly probable that 100 other cases exist wherein the facts are precisely similar. Street had rented, before the Volstead Act took effect, a room from the Safe Deposit Company, to which room he held the key, and as to which he possessed the undisputed and unrestricted right of ingress and egress. In this room he had stored a surplus of liquor, which had been lawfully manufactured, and lawfully obtained by him, before the Volstead Act became effective. He deposited this liquor in this room for safety's sake, and perhaps for lack of room to store it in his dwelling. All this he did before the 16th day of January, 1920. The Safe Deposit Company, from which Street rented this storage room, on threats made to it, after the effective date of the Volstead Act, by one Porter, the local prohibition enforcement officer, threatened to deliver this liquor to Porter for confiscation, and, as forecast, Porter was himself making threats and efforts to obtain this liquor in order to confiscate it. In order to prevent the threatened delivery to Porter by the Deposit Company, and to prevent Porter from confiscating this liquor, Street, averring his intent to use the liquor only in his own dwelling as a beverage for himself, his family, and his bona fide guests, sued by injunction and prevailed in the Supreme Court, though cast below.

In ruling that Street was entitled to enjoin the threatened delivery to Porter and confiscation by him, the Supreme Court of the United States held that the same right exists to transport liquor from such private place of deposit by the owner to his dwelling as exists to transport such liquor (under a ruling of the Commissioner of Internal Revenue mentioned by the court arguendo) from one bona fide dwelling to another, upon a change of residence. Thus it is seen that all the Street Case decides is (a) that liquor when deposited for safe-keeping, before the effective date of the Volstead Act, in a private place of deposit, cannot be confiscated under the provisions of the Volstead Act, when such liquor is intended in good faith for the owner's own personal use as a beverage, to be drunk in his dwelling by himself, his family, and his bona fide guests; and (b) that such liquor may be lawfully transported by the owner from the place of private deposit to the owner's dwelling for the use and purpose stated.

The Supreme Court did not discuss or consider the effect either of title 2, section 6, of the Volstead Act, or of the provisions of the Act of November 21, 1918 (40 Stat. 1045), upon a person standing in the shoes of the plaintiff at bar. But by the very broadest inference, arising from the analogous situation to which the court referred, a permit to transport must be gotten by Street. The court in effect holds that the facts existing fully warrant the issuance to Street of such permit to so transport.

Title 2, section 6, of the Volstead Act, supra, says:

"No one shall manufacture, sell, purchase, transport or prescribe any liquor without first obtaining a permit from the commissioner so to do."

The Act of November 21, 1918, commonly called the Wartime Prohibition Act, provides among other things:

"That after June 30, 1919, until the conclusion of the present war and thereafter until the termination of demobilization, the date of which shall be determined and proclaimed by the President of the United States, * * * no distilled spirits held in bond shall be removed therefrom for beverage purposes." Comp. St. Ann. Supp. 1919, § 3115$^{11}$/$_{12}$f.

[3, 4] Taking the last statute first in the discussion: With reference to it the Supreme Court of the United States held in the case of Hamilton v. Kentucky Distilleries Co., 251 U. S. 146, 40 Sup. Ct. 106, 65 L. Ed. 194 (decided December 15, 1919), that the provision quoted above from the Act of November 21, 1918, was then in force. I judicially notice that nothing has since occurred to change the status existing when the Hamilton Case was decided. The Supreme Court also held in the Hamilton Case, supra, that the adoption of the Eighteenth Amendment did not operate to repeal the Wartime Prohibition Act. It fairly and inevitably follows, it seems to me, that by the statute last above quoted alone the defendant is precluded from doing at this time, and forbidden to do, the things which this bill seeks to compel him to do.

[5] Referring briefly to the seeming effect of title 2, section 6, of the Volstead Act, supra, and particularly to that part of the same which I quote above, I am forced to conclude that this section also precludes plaintiff, under the bill filed, from the relief prayed for. It is apparent that, since the manufacture of whisky for medical purposes is clearly contemplated by the Volstead Act, it is or will become the duty of the collectors of internal revenue of the several districts to accept payment of taxes, issue stamps therefor, affix and cancel such stamps, and deliver possession of liquor designed for medical purposes to the owners thereof. But I am forced to take the view that the effect of the language I quote from title 2, section 6, supra, of the Volstead Act, is to limit the persons who may pay taxes and who may desire to have revenue stamps affixed to whisky owned or manufactured by them to such persons only as hold permits from the Commissioner of Internal Revenue pursuant to said title 2, section 6. In short, the effect of this section obviously seems to be that the collector of internal revenue is not allowed to accept any money as taxes from, or to affix or cancel stamps for, any persons, except those who present to him a permit issued by the Commissioner of Internal Revenue, to make, transport, or possess liquor. It seems clear from this section that the possession of such a permit by plaintiff is a condition precedent to the authority of the defendant here to perform the acts which it is here sought to compel him to perform. Plaintiff neither possesses such a permit, nor does he plead any facts with relation thereto. If it should be conceded then, merely for the sake of argument as contended by plaintiff, that his mere right to transport this whisky to his home from a bonded warehouse is decided by the Street Case, nevertheless, in the face of the two other things which I mention above, this court is precluded from granting plaintiff the desired relief.

It follows, therefore, that the motion to dismiss plaintiff's bill ought to be sustained. Let it be so ordered.