TOWNSHIP OF WAYNE IN THE COUNTY OF PASSAIC, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. RICMIN, INC., *ET AL.*, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 4, 1973—Decided July 12, 1973.

510 

Before Judges FRITZ, LYNCH and TRAUTWEIN.

*Mr. Gary L. Falkin* argued the cause for appellant (*Messrs. Beckerman, Franzblau & Cohen,* attorneys; *Messrs. S. M. Chris Franzblau and Gary L. Falkin* of counsel and on the brief).

*Mr. Michael K. Diamond* argued the cause for respondent.

The opinion of the court was delivered by

LYNCH, J. A. D. In this condemnation case the complaint was filed before the enactment of the Eminent Domain Act of 1971 (*N. J. S. A.* 20:3–1 *et seq.*) which became effective December 21, 1971. The issue before us is whether, under that statute, interest on the ultimate award of $170,000 runs, as defendant contends, from the time of filing the complaint on July 27, 1970 to the time plaintiff deposited $140,000 with the clerk of the court on April 14, 1972 (pursuant to *N. J. S. A.* 20:3–18).* The trial court held that defendant

---

*Defendant calculates the interest which it claims to be due as follows: (a.) Interest was computed on $170,000 from July 27, 1970 (date of filing of complaint and date for determination of value of property) to April 14, 1972 (deposit of $140,000 by the plaintiff and filing of declaration of taking) at 6%, which figure is $18,560; (b.) interest on $30,000 from April 14, 1972 to October 4, 1972 (date of receipt of $30,000 by defendant) at 6%, which figure is $865; (c.) substracted from the $19,425 (*i. e.,* $18,560 plus $865) is a rea-

was entitled to interest only on $30,000, representing the difference between the deposit and the ultimate award, from the date of the deposit until the date of closing.

Defendant relies on *N. J. S. A.* 20:3–31, which reads:

Interest as set by the court upon the amount of compensation determined to be payable hereunder shall be paid by the condemnor from the date of the commencement of the action until the date of payment of the compensation; provided, however, that there shall be excluded from the amount upon which interest shall be calculated, all moneys deposited pursuant to Article V hereof;[1] and provided, further, that interest payable hereunder shall be subject to abatement for rents and profits derived from the property by the condemnee during the period for which interest is payable hereunder, and/or for the fair rental value of such property or any portion thereof occupied by the condemnee during such period.

The argument of defendant settles upon a literal reading of the first clause of the foregoing section of the new statute:

Interest as set by the court upon the amount of compensation determined to be payable hereunder shall be paid by the condemnor *from the date of the commencement of the action* until the date of payment of the compensation; * * *. [Emphasis added]

We disagree with such a construction of the statute, as the clause upon which defendant relies is taken out of context. In fact, it ignores the very next clause in that section, which expressly repudiates defendant's construction. That clause reads, "provided, however, that there *shall be excluded from the amount upon which interest shall be calculated, all moneys deposited pursuant to Article V hereof; * * *"* *i. e., N. J. S. A.* 20:3–18. (Emphasis added). The amount upon which defendant calculates interest is $170,000 (the amount of the ultimate award) *without excluding* the

---

sonable rent derived from the property, which is $750 a month, which number is multiplied by 20½ months (from July 27, 1970 through April 14, 1972), which figure is $15,375; (d.) the difference between the total interest due defendant of $19,425 and the rental due plaintiff of $15,375 is $4,050, in favor of defendant.

[1]Sections 20:3–15 to 20:3–28.

$140,000 deposit made by plaintiff pursuant to section 18. True, defendant calculates interest on $140,000 from the date of the filing of the complaint only to the date of the deposit and upon the remaining $30,000 thereafter. But the statute mandates that the $140,000 must be excluded entirely as a base upon which interest is to be calculated.

In a context, as here, where the condemnor has made such a deposit, and the ultimate award is greater, interest is awarded only on *the excess*. *N. J. S. A.* 20:3–23 reads, so far as pertinent:

Withdrawal of funds
 Upon application of any condemnee, * * * the court may direct that the estimated compensation on deposit * * * be paid to the person or persons entitled thereto, on account of the compensation to which they may be entitled in the action; * * * and provided further, that if the award or judgment fixing such compensation be *more than the amount deposited,* condemnor shall pay the *excess* to the condemnee entitled thereto, *with interest* at a rate to be fixed by the court *from the date of the deposit* * * *. [Emphasis added]

Thus, section 23 of the statute is tailored exactly to the facts before us. The condemnee withdrew the deposit of $140,000. The award was more than the deposit. The excess was $30,000. It is on that sum that interest is to be paid. And it is to be calculated from the date of deposit and not from the filing of the complaint, as defendant contends.

Further, defendant's construction of the statute would disavow the traditional concept of just what "interest" is. It is an exaction for *past due* obligations and in essence is in the nature of a penalty. It is compensation *for delay* in payment. *Burlington County v. Martin,* 128 *N. J. L.* 203, 205 (Sup. Ct. 1942), aff'd 129 *N. J. L.* 92 (E. & A. 1942); *Fidelity Mutual Life Ins. Co. v. Wilkes-Barre and Hazleton R. Co.,* 98 *N. J. L.* 507 (E. & A. 1913). As said in *Consolidated Police, etc., Pension Fund v. Passaic,* 23 *N. J.* 645, 653 (1957): "The law imposes a duty to pay interest from the time payment of a principal is *due,* or from the *time of the wrongful detention.*" (Emphasis added). Absent a

statute, interest is not allowable on an indebtedness except when the debtor is in default. 47 *C. J. S. Interest* § 26 at 38 (1946). And when the debtor is not in default interest is not allowed. *Cf. State v. Pia Star Realty Co., Inc.,* 118 *N. J. Super.* 55, 64 (Law Div. 1971).

In a condemnation case, whether interest must be paid ordinarily depends on whether the condemnor goes into possession without full payment and the owner is deprived of his property. Interest is a means of measuring the value of the deprivation of the use of property. 3 *Nichols, Eminent Domain,* § 8.63 at 160 (1965). It is not until the condemnor goes into actual possession, or takes title, that the owner is deprived of his property or its use and profits. *State v. Angleton,* 89 *N. J. Super.* 85 (App. Div. 1965); *State, by State Highway Commissioner v. Hawkins,* 63 *N. J. Super.* 326 (App. Div. 1960). It is only when the condemnee is thus "deprived" that the debt is "due."

The condemnee here was not deprived of the use or title of its property at the time of the "commencement of the action," in terms of *N. J. S. A.* 20:3-31. Therefore, there was no debt owed by the condemnor at that time; similarly, there was no "default" by it and there was no necessity for measuring the value of the "deprivation of the use of the property" (interest). The result would be different — and § 31 would be literally applied to compel calculation of interest from the filing of the complaint — if, coincident with such filing, the declaration of taking (§ 17) was also filed.

It is true that the Legislature might have, by the new act of 1971, changed the foregoing concept of interest as it thus existed. But if a change in common law is to be effectuated, the legislative intent to do so must be clearly and plainly expressed. *Blackman v. Iles,* 4 *N. J.* 82, 89 (1950). Statutes are to be construed in reference to principles of the common law, and the law infers that a statute did not intend to make any alteration to common law other than what is specified. *State v. Western Union Telegraph Co.,* 12 *N. J.* 468, 486 (1953), app. dism. 346 *U. S.* 869,

74 S. Ct. 124, 98 L. Ed. 379 (1953). There is no clear language in the 1971 act which would effect such change in the common law concept of interest so that it should begin to run *before* the "debt" of the condemnor was due, *i. e.,* at the commencement of the action. What was specified was that, upon the filing of the declaration of taking, the condemnor "shall deposit the amount of such estimated compensation with the clerk of the court." *N. J. S. A.* 20:3-18. Upon service of a copy of the declaration, "the right to the immediate and exclusive possession and title to the property * * * shall vest in the condemnor * * *." *N. J. S. A.* 20:3-19. *Then* the condemnee is "deprived" of his property. And, if the ultimate award is more than the deposit, the excess shall be paid to the condemnee "with interest * * * from the date of the deposit." *N. J. S. A.* 20:3-23. Such is the situation here. That statutory pattern would be nullified by defendant's contention that, in the context of a deposit in court of $140,000 on April 14, 1972, interest shall run from the filing of the complaint on July 27, 1970 to that date on said sum. Such a construction would also defy the principle of construction that words in a statute ought not to have a retrospective operation unless they are so clear, strong and imperative that no other meaning can be given to them. *Nichols v. Board of Education, Jersey City,* 9 *N. J.* 241, 248 (1952); *La Parre v. Y. M. C. A. of the Oranges,* 30 *N. J.* 225, 229 (1959). And a statute which changes settled law and relates to substantive rights is prospective only, unless there is an unequivocal expression of contrary legislative intent. *Pennsylvania Greyhound Lines, Inc. v. Rosenthal,* 14 *N. J.* 372, 381 (1954). There is no such showing here. In fact, the provisions of § 23 as above set forth expressly repudiate defendant's contention that interest shall run from the filing of the complaint.

Defendant also argues that, since the parties agreed that the date as of which compensation was to be determined was the date of the commencement of the action (July 27, 1970), such was the date compensation became due

and that from which interest should run. Not so. Under the 1971 act the complaint in an eminent domain proceeding simply *prays* for judgment that the condemnor is duly vested with and has duly exercised its authority to acquire the property being condemned, and for an order appointing commissioners to fix compensation. *N. J. S. A.* 20:3–8. The "taking" does not occur until the filing and service of the "declaration of taking" pursuant to *N. J. S. A.* 20:3–17 and 19. As said in 3 *Nichols, Eminent Domain,* § 8.63 at 174, n. 23:

However, agreement of the parties that the property shall be evaluated as of a certain and fixed date, does not entitle the owner to interest from such date. In United States v. Mahowald [8 Cir.], 209 F(2d) 751, the court said:

"In the instant case the owners of the land in suit were not deprived of their property until the declarations of taking were filed by the Government and estimated compensation was deposited. The stipulation made at the trial, obviously for the purpose of fixing the time as of which the market value of the lands in suit should be determined by the jury, deprived the owners of nothing and gave the Government no interest in their lands. To give to the making of this stipulation the full effect of actual possession of the lands in suit by the Government is, we think, unwarranted and unrealistic. The jury awards merely fixed the compensation which would have to be paid for the various tracts in suit if and when the Government took physical possession of them or filed declarations of taking."

We are aware that *N. J. S. A.* 20:3–4 provides that the 1971 act "shall apply to all actions instituted after" its effective date (December 21, 1971) and "to all proceedings taken subsequent thereto in all actions pending on such effective date." The "proceeding" which was here taken was the order of November 21, 1972 which determined that defendant was entitled to interest only on the $30,000 excess over the amount deposited, from the date of deposit, April 14, 1972 to the date of closing, October 4, 1972. True, the new act was "applicable" to that proceeding. In entering that order, however, as demonstrated above, the court was bound by *N. J. S. A.* 20:3–23 of the 1971 act and so applied it as that section mandates.

The judgment below is affirmed.