129 N.J. Super. 570 (1974)
324 A.2d 579
CITY OF JERSEY CITY, PLAINTIFF-APPELLANT,
v.
REALTY TRANSFER COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 3, 1974.
Decided August 13, 1974.
*572 Before Judges CONFORD, HANDLER and MEANOR.
Mr. Edmund E. Lynch argued the cause for appellant (Mr. Raymond Chasan, Corporation Counsel, City of Jersey City, attorney).
Mr. Walter Goldberg argued the cause for respondent (Messrs. Goldberg & Carlin, attorneys).
The opinion of the court was delivered by MEANOR, J.A.D.
By eminent domain plaintiff Jersey City took approximately 1,334 acres of essentially vacant and unused land belonging to defendant and located in Jefferson Township, Morris County, New Jersey. Following jury trial the award to defendant was $821,000, of which $650,000 previously had been paid. On January 5, 1973 the court entered judgment for the difference plus interest of $180,358.32 for a total of $351,358.32. The only important issues presented by this appeal concern the allowance and calculation of interest.
The trial court held that the parties, during negotiation prior to suit, had stipulated to a taking date of June 1, *573 1968, although plaintiff denied that such a stipulation had been made. This finding of the trial court is based on sufficient credible evidence and we affirm it. State v. Johnson, 42 N.J. 146, 162 (1964). Since we believe that litigants should be held to their stipulations and the consequences thereof, we may pass plaintiff's argument that there was no taking in fact by it.
The complaint was filed February 28, 1969; $150,000 was paid to defendant on July 2, 1969 and deposit into court of $500,000 was made on July 12, 1972, which was promptly withdrawn by defendant. The trial court allowed interest on $821,000 from June 1, 1968 to July 2, 1969, the date of payment of $150,000; on the balance of $671,000 from July 2, 1969 to July 12, 1972, the date of the $500,000 deposit; and on the balance of $171,000 from July 12, 1972 to January 5, 1973, the date of its judgment.
Despite plaintiff's attempt to distinguish it, we believe that the allowance of interest here was in accord with State v. Nordstrom, 54 N.J. 50 (1969). See also, N.J. Highway Authority v. Ellis, 24 N.J. 1 (1957). Our problem lies in the fact that between Nordstrom and the entry of judgment below the Eminent Domain Act of 1971 became law, N.J.S.A. 20:3-1 et seq., and included the following in N.J.S.A. 20:3-4:
This act shall take effect immediately following the approval thereof, and shall apply to all actions instituted thereafter, and to all proceedings taken subsequent thereto in all actions pending on such effective date. * * *
The effective date of the Eminent Domain Act of 1971 was December 21, 1971. The question is whether certain sections of that act pertaining to the allowance of interest to the condemnee require a modification of the interest assessed below. See Wayne v. Ricmin, Inc., 124 N.J. Super. 509 (App. Div. 1973), certif. den. 63 N.J. 583 (1973).
*574 N.J.S.A. 20:3-31 provides:
Interest as set by the court upon the amount of compensation determined to be payable hereunder shall be paid by the condemnor from the date of the commencement of the action until the date of payment of the compensation; provided, however, that there shall be excluded from the amount upon which interest shall be calculated, all moneys deposited pursuant to Article V hereof; and provided, further, that interest payable hereunder shall be subject to abatement for rents and profits derived from the property by the condemnee during the period for which interest is payable hereunder, and/or for the fair rental value of such property or any portion thereof occupied by the condemnee during such period.
Applied literally to the facts here, this statute would require that interest begin to run, not from the stipulated date of taking of June 1, 1968, but from the filing of the complaint on February 28, 1969. The unfairness of depriving a condemnee of interest during a portion of the period following the taking is obvious and this remedial act should not be construed to require so harsh a result unless no alternative is open. Alexander v. N.J. Power & Light Co., 21 N.J. 373, 378 (1956). We conclude that a viable alternate construction is available to us.
The scheme of this legislation as a whole did not contemplate the occurrence here  a taking date prior to the commencement of the action. If the property to be taken cannot be acquired by negotiation, N.J.S.A. 20:3-6, the act provides for the institution of an action in condemnation, N.J.S.A. 20:3-8, with a mandatory filing of a lis pendens by the condemnor. N.J.S.A. 20:3-10. It is further provided that "[A]t any time contemporaneous with or after the institution of an action * * * the condemnor may file * * * a declaration of taking * * *." N.J.S.A. 20:3-17. Provision is also made for an application by the condemnee for an order requiring the condemnor to elect to file a declaration of taking or abandon the action. N.J.S.A. 20:3-25. The act further requires that a deposit in the amount of the estimated compensation be made by the condemnor simultaneously *575 with the filing of the declaration of taking. N.J.S.A. 20:3-18.
It is clear that the act envisions either an acquisition by negotiation or, with respect to the application of its interest provisions, a taking only after commencement of the action in accord with a filed declaration of taking accompanied by a deposit. What occurred here, an agreed taking date in advance of litigation, was not anticipated by the act. We believe that it would be contrary to the spirit of the act to deprive the landowner of interest for the period between the taking date and the filing of the complaint. This conclusion is supported by the legislative history available on the topic. The record of the public hearing before the Eminent Domain Revision Commission, November 20, 1963, has appended to it a Report of the Committee on Revisions of the Law of Eminent Domain, New Jersey State Bar Association. With respect to interest this report says:
Again the question of when interest shall begin to run brought on the same discussion as was produced under the heading of "fixing the date of determining valuation," and the committee decided to recommend that interest on an award should be deemed to run from the date of taking of possession or the filing of proceedings, whichever is first. [at 169]
The Report of the Eminent Domain Revision Commission (May 4, 1965) has this to say concerning the commencement of interest:
Accordingly, it is recommended that interest at 6% per annum on the amount of compensation (exclusive of any amount deposited in court) be paid by the condemning agency from the date possession is taken, or the date title vests in the taking body, whichever date is earlier. [at 39]
In our judgment the trial court correctly began the running of interest on the agreed taking date rather than the later date of filing the action. Cf. Public Service Elec. & Gas v. Oldwick, 125 N.J. Super. 31, 38 (App. Div. 1972), certif. den. 64 N.J. 153 (1973).
*576 N.J.S.A. 20:3-31 provides "that there shall be excluded from the amount upon which interest shall be calculated, all moneys deposited * * *." Again, applied literally, this would preclude the allowance of any interest on the $500,000 deposited July 12, 1972 and also on the $150,000 paid July 2, 1969, even for the period between the taking and the date of deposit or payment. This was held in Wayne v. Ricmin, Inc., supra, which on an award of $170,000 allowed interest only on $30,000 because there had been a deposit of $140,000, even though the deposit was not made until nearly 21 months after the complaint was filed.
we are not in accord with the holding in Wayne v. Ricmin that the amount deposited must be excluded entirely from any interest calculation. To us the statutory scheme is clear. Interest runs as a matter of right from the date of commencement of the action on the amount of the award (or where, as here, there has been a taking in advance of suit, interest runs from that date of taking). If no deposit is made, interest is so calculated on the entire amount of the award. If a deposit is made during the pendency of the action, interest is excluded on the amount deposited from the date of deposit. Interest is not permitted on the amount deposited from the date of the deposit forward because the condemnee may withdraw the deposit and use the money. N.J.S.A. 20:3-23.
Contrary to the discussion in Wayne v. Ricmin, Inc., supra, 124 N.J. Super. at 514, we do not believe that the exclusion of the amount deposited from the computation of interest for the period prior to the deposit is supported by N.J.S.A. 20:3-23, which provides that where there is a deposit followed by an award in excess of the deposit interest is to be allowed on the excess "from the date of the deposit." This provision is entirely consistent with, and indeed reinforces, our view that the theme of the interest provisions of the act is to provide interest on the entire award from the date of the commencement of the action (or from the date of an earlier taking) and to exclude therefrom only *577 payments or deposits from the date of payment or deposit forward. This construction is enhanced by reference to that portion of N.J.S.A. 20:3-23 which deals with interest where a withdrawn deposit exceeds the amount of the award. In such an event a judgment against the condemnee in the amount of the excess with interest "from the date of payment" is authorized. This is another indication that those portions of the statute dealing with deposits and interest consistently project the logical and reasonable design that a deposit affects the allowance of interest only from the date of deposit forward, and that for the period between complaint and deposit interest shall run on the full amount of the award as commanded by N.J.S.A. 20:3-31.[*]
The trial court properly calculated the interest due to defendant. The remaining issues presented by appellant have been examined and found lacking in merit.
Affirmed.
NOTES
[*] This statute, which we have quoted in full supra, also provides for abatement of interest on account of rents and profits derived by the condemnee during the period for which interest is payable. A tangential argument has been made by Jersey City that it is entitled to such relief. We find, however, that the issue has not been satisfactorily projected on this record.