Bettman, J.
 

 The single question here presented is: When a note bearing interest at the rate of two per cent a month “until fully paid” — a rate permissible under the Ohio Small Loans Act (Section 6346-1
 
 et seq.,
 
 General Code) — is reduced to judgment, what interest does that judgment bear?
 

 It has long been established by the decisions of this court that, inasmuch as judgments bore no interest at common law, interest upon judgments is controlled and determined, not by force of any provisions of the contract sued upon, but solely by what the statutes may provide with respect to judgments and interest thereon.
 
 Niel
 
 v.
 
 Bank,
 
 50 Ohio St., 193, 33 N. E., 720;
 
 Guernsey Branch of State Bank of Ohio
 
 v.
 
 Kelley,
 
 14 Ohio St., 367. Thus only in those cases where the statute provides that the interest called for by the contract shall be determinative of the rate of interest upon the judgment, do the terms of the contract have any relation to the rate of interest upon judgments, and then not by force of the contract, but by force of the statute.
 
 Marietta Iron Works
 
 v.
 
 Lottimer,
 
 25 Ohio St., 621. Decisions in other states are to the same effect.
 
 Wilson
 
 v.
 
 Marsh,
 
 13 N. J. Eq., 289;
 
 Wernwag
 
 v.
 
 Brown,
 
 3
 
 *476
 
 Blackf. (Ind.), 457, 26 Am. Dec., 433;
 
 O’Brien
 
 v. Young, 95 N. Y., 428, 47 Am. Rep., 64. It is the
 
 ratio
 
 of the foregoing cases that, at least for the purposes of determination of interest, the cause of action upon a contract for the payment of money becomes merged in the judgment sought and recovered by the plaintiff; and that the plaintiff, voluntarily seeking in a court of law the remedy of a judgment, may receive, and the court may grant, only such interest on that judgment as is created by statute as an incident to judgments of that type. Therefore, to determine the amount of interest that the plaintiff’s judgment in this ease may bear, we must examine the Ohio statutes.
 

 Three venerable sections of the General Code of Ohio bear upon this problem.
 

 Section 8303 provides: ‘ ‘ The parties to a bond, bill, promissory note, or other instrument of writing for the forbearance or payment of money at any future time, may stipulate therein for the payment of interest upon the amount thereof at any rate not exceeding eight per cent per annum, payable annually.”
 

 Section 8304 provides: “Upon all judgments, decrees, or orders, rendered on any bond, bill, note, or other instrument of writing containing stipulations for the payment of interest in accordance with the provisions of the next preceding section, interest shall be computed till payment at the rate specified in such instrument. ’ ’
 

 Section 8305 provides: “In cases other than those provided for in the next two preceding sections, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, or settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of a contract, or other transaction, the creditor shall be entitled to interest at the rate of six per cent per annum, and no more.”
 

 
 *477
 
 It is obvious that the note in suit, calling for interest at the rate of two per cent per month which is moré than eight per cent per annum, is not within the scope of Sections 8303 and 8304, “the next two preceding sections,” and hence must be governed by Section 8305, which limits the rate of interest upon a judgment taken upon the note to six per cent per annum, “and no more.” There is nothing in the provisions of the Small Loans Act, passed long subsequent to the three sections set forth above, that in any way modifies, with respect to interest upon judgments, the universality of the application of Sections 8304 and 8305 to all judgments. Nor from the mere passage of the Small Loans Act can there be implied any legislative intention to modify these sections with relation to interest upon judgments, because if such a modification had actually been intended it would have constituted so vital and important an element of the Small Loans Act that its omission could not be considered to have been unintentional. It cannot be held that statutes of such long standing as Sections 8303, 8304 and 8305 were amended in such important respects by mere implication.
 

 The appellant contends that the contract here provided for two per cent per month interest
 
 “until fully paid.”
 
 But the statute, notwithstanding this or any other provision in regard to interest at two per cent a month which might have been written into the contract, inescapably controls the rate of interest upon the judgment. As was pointed out in
 
 O’Brien
 
 v.
 
 Young, supra,
 
 such provision in regard to interest is merged in the judgment, the court saying:
 

 “* * * when the contract provides that the interest shall be at a specified rate
 
 until the principal shall be paid,
 
 then the contract rate governs until payment of the principal,
 
 or until the contract is merged in a judgment.”
 
 (Italics ours.)
 

 It is further argued that limiting the interest upon
 
 *478
 
 the judgment to the lower rate provided by statute creates an anomalous situation wherein the debtor profits by his own default. The anomaly is more apparent than real. It is not so much the default of the debtor that reduces the interest rate, but rather the voluntary act of the creditor who chooses to reduce his claim to judgment. But however this may be, the proper rate upon such judgments is a concern of social and economic policy. Any revision, if such should be made, must be by act of the Legislature.
 

 Since Sections 8303 to 8305, General Code, are clearly determinative of the issue in this case, and are unmodified by the provisions of the Small Loans Act, the plaintiff was entitled to no more than six per cent per annum interest upon the judgment, and the Court of Appeals was correct in so ruling.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turnee, Williams, Hart and Zimmerman, JJ., concur.
 

 Matthias, J., not participating.