Zimmerman, J.
 

 In our opinion, the lower courts decided the instant controversy correctly.
 

 Although Grieb’s license to sell and dispense alcoholic beverages was revoked because he was found to have violated certain provisions of the General Code, this does not alter the fact that the spirituous liquors he owned at the time of the revocation of his permit were legally manufactured and acquired, and were not a nuisance per se. He had a property right therein which could not be taken away without judicial inquiry and determination.
 

 In other words, intoxicating liquors which have been lawfully obtained and are lawfully possessed are not a nuisance in themselves; they are property entitled to treatment as such and the possessor thereof may not be deprived of them without due process of law.
 

 The authorities sustaining the above propositions are many; a few of them are as follows:
 

 8 Ohio Jurisprudence, 715, 716, Sections 597, 598 and
 
 *81
 
 599; 48 Corpus Juris Secundum, 740, “Intoxicating Liquors,” Section 488;
 
 Corneli
 
 v.
 
 Moore, Collector,
 
 267 F., 456, affirmed 257 U. S., 491, 66 L. Ed., 332, 42 S. Ct., 176;
 
 McKown
 
 v.
 
 City of Atlanta,
 
 184 Ga., 221, 190 S. E., 571;
 
 People
 
 v.
 
 Marquis,
 
 291 Ill., 121, 125 N. E., 757, 8 A. L. R., 874;
 
 Preston
 
 v.
 
 Drew,
 
 33 Maine, 558;
 
 State
 
 v.
 
 Friedman,
 
 98 N. J. L., 577, 120 A., 8, affirmed 98 N. J. L., 577, 120 A., 9.
 

 It is to be remembered that there is a clear cut distinction between that class of articles which have been declared unlawful and a public nuisance by statute and may be seized and disposed of forthwith and the class of property which is lawful in its ordinary and proper use and becomes contraband only when used in an unlawful manner and where there is a determination to that- effect in a court of competent jurisdiction. See
 
 Wagner
 
 v.
 
 Upshur,
 
 95 Md., 519, 52 A., 509, 93 Am. St. Rep., 412.
 

 The above distinction is illustrated in the so-called “fish net”
 
 cases
 
 —Edson v.
 
 Crangle,
 
 62 Ohio St., 49, 56 N. E., 647 and
 
 State
 
 v.
 
 French,
 
 71 Ohio St., 186, 202, 73 N. E., 216, 217, 104 Am. St. Rep., 770. Compare
 
 In re Estate of Weisenberg,
 
 147 Ohio St., 152, 70 N. E. (2d), 269.
 

 Due process of law as guaranteed by the federal and state constitutions requires £ £ some legal procedure in which the person proceeded against if he is to be concluded thereby, shall have an opportunity to defend himself.”
 
 State, ex rel. Hoel, Pros. Atty.,
 
 v.
 
 Brown,
 
 105 Ohio St., 479, 486, 138 N. E., 230, 232.
 

 In the last cited case, it is stated in the third paragraph of the syllabus:
 

 “What the constitution grants, no statute may take away.”
 

 Notwithstanding the police power of the state is extensive, it cannot be exercised arbitrarily and unreasonably to affect or unduly interfere with personal
 
 *82
 
 rights or private property. See
 
 Mirick
 
 v.
 
 Gims, Treas.,
 
 79 Ohio St., 174, 178, 179, 86 N. E., 880, 881, 20 L. R. A. (N. S.), 42;
 
 City of Cincinnati
 
 v.
 
 Correll,
 
 141 Ohio St., 535, 49 N. E. (2d), 412.
 

 We conclude therefore that Section 6064-28, General Code, which authorizes the Department of Liquor Control to summarily seize alcoholic beverages which are found on the premises covered by a revoked or can-celled permit, and that part of Section 6064-40, General Code, which provides for the destruction or disposition of lawfully held alcoholic liquors, without compensation to the owner, are unconstitutional and of no effect, for the reason that they permit and sanction the taking and disposal of private property without due process of law, and without compensation, in violation of Sections 16 and 19, Article I of the Constitution of Ohio and Section 1 of the Fourteenth Amendment to the Constitution of the United States.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Wexoandt, C. J., Matthias, Hart, Stewart, Turner and Taft, JJ., concur.