Van Voorhis, J.
Under section 347 of the Highway Law, added in its original form by chapter 914 of the Laws of 1942, title to property necessary for State Thruways and bridges is acquired by the filing in the office of the Secretary of State by the Superintendent of Public Works of a description and map of the property under condemnation and by filing a copy thereof in the County Clerk’s office in each county where the property is located. A copy of the description and map is delivered to the Attorney-General, “ whereupon it shall be the duty of the attorney-general to advise and certify to the superintendent of public works the names of the owners of the property, easements, interests or rights described in the said description and map, including the owners of any right, title or interest therein. Upon such certification, the superintendent of public works shall cause a notice of appropriation to be filed and recorded in the office of the county clerk or register of the county in which such property is situated.” Service upon the property owners is required to be personal, if the person to be served can be found within the State, or if service is not dispensed with for good cause. In the case of a public improvement such as the New York State Thruway, it was manifestly impossible to ascertain and serve immediately and at one time the owners of all interests in all of the parcels of property acquired. The effect of this statute is to require such notice to be served as soon as is reasonably possible. Although the provisions of this section of the *5 Highway Law regarding notice to property owners are not claimed to render the statute invalid, they are noted in view of the comment in the dissenting opinion that unless the judgment appealed from is reversed there is no duty on the part of the State to serve property owners at any time.
Claimants-appellants in the instant case own a house and lot in the County of Albany. The frontage is 100 feet on St. Michael’s Lane, and the lot is 110 feet in depth. The house is not taken. Thirty feet has been appropriated for the New York State Thruway along one side of the lot. After appropriation, the house is 5 feet instead of 35 feet from the side line. No question is before the court concerning appellants’ right to be paid the value of the land appropriated, together with consequential damage to the house and the remaining portion of the lot. This appeal concerns only the question of interest upon the award. The appropriation map and description were filed in the Albany County Clerk’s office on June 1, 1953, and were served personally on appellants during the latter part of April, 1955. Their claim was filed with the Court of Claims on April 7,1955. Interest was conceded to appellants for six months following the vesting of title in the State on June 1,1953 (the date of filing of the description and map in the Albany County Clerk’s office), but interest was suspended at the end of this six months ’ period, and no further interest has been conceded until the filing of the claim on April 7, 1955. From then on there is no dispute that interest is to be paid. The reason for disallowing interest during this interim is the language of subdivision 1 of section 19 of the Court of Claims Act directing: “If a claim which bears interest, is not filed until more than six months after the accrual of said claim, no interest shall be allowed between the expiration of six months from the time of such accrual and the time of the filing of such claim.”
It is argued that appellants did not know, until several weeks before they were personally served with notice of this appropriation, that 30 feet along the side of their lot had been covered by the map and description on file in the County Clerk’s office, with the consequence that they are not collecting interest from six months afterward until the filing of their claim with the Clerk of the Court of Claims. Subdivision 1 of section 19 of the Court of Claims Act is attacked as unconstitutional on the *6 basis that just compensation to owners requires the allowance of interest from the time of the appropriation, rather than from the date of the filing of their claim or from the taking of possession for Thruway purposes. The Court of Claims upheld claimants’ contention, hut the Appellate Division reversed and dismissed their claim to interest, stating that “ if nothing occurred to bring home knowledge of the taking to claimants, they had the full use and benefit of the land during the interval and could not reasonably expect both interest and possession.” We agree with this view of the case.
Where title has passed to the State or other public body, and the value of the property is later to be determined as of that date, interest until the adjudication of the award is held to be payable as part of just compensation to the owner for the appropriation of his property (Matter of City of New York [E. 178th St.], 107 App. Div. 22, 25, affd. on opinion of G. L. Ingraham, J., 183 N. Y. 571; Matter of Minzesheimer v. Prendergast, 144 App. Div. 576, affd. 204 N. Y. 272; Matter of City of New York [W. 151st St.], 222 N. Y. 370; Matter of City of New York [Westchester Ave.], 217 App. Div. 381; Jacobs v. United States, 290 U. S. 13). Upon the other hand, a condemnee is not allowed interest during periods while he has had an equivalent use of the property (Matter of Mayor of City of New York, 40 App. Div. 281, followed in Matter of Riverside Park, 59 App. Div. 603, 605, affd. 167 N. Y. 627). In Matter of City of New York (Newton Ave.) (219 N. Y. 399, 407-408) it was said, per Cardozo, J., “ We are told that great hardship will result to the city if it is charged with interest since the appropriation in 1895. But we do not now decide that it is chargeable with interest. That question has not been certified to us. The Albany Post road, although nominally closed in 1895, was not physically closed until 1914. Up to that time the adjoining owners had the same use of it that they had in former years. It will be for the courts below to determine, when the commissioners make their report, whether the value of the beneficial use may be set off against interest on the award [citing cases].” (Italics from original.)
It is clear that no constitutional mandate is violated by the denial of interest during periods while the owner has enjoyed *7 the full beneficial use of his premises (Hamersley v. Mayor of City of N. Y., 56 N. Y. 533; Donnelly v. City of Brooklyn, 121 N. Y. 9, 21; Shoemaker v. United States, 147 U. S. 282, 321).
Under these decisions interest in condemnation cases until the award is a substitute for the use of real property, and, although the burden is ordinarily upon the condemnor to prove by way of offset that the value of the use has been at least equal to the interest, that does not render unconstitutional subdivision 1 of section 19 of the Court of Claims Act. Under this statute, interest accrues automatically during six months after the appropriation, and the running of interest is never suspended if the property owner files his claim before the expiration of six months. Moreover, even if he omits to file within six months, he may do so afterward which sets the interest running again. It is not too much to presume, in order to sustain the constitutionality of this section, that the property owner would file a claim if he were at any time curtailed in the dominion which he has had occasion to exercise over his property. It is said that he may not have had actual notice of the appropriation inasmuch as he is not obliged to keep himself informed of the papers in the office of the County Clerk. That may be true, but if these claimants had desired to sell or to rent and had been prevented from doing so, or had been dispossessed, it would have been brought to their attention that the power of eminent domain was being exercised, with the right on their part to file a claim. The very circumstance that it is argued that these claimants were not aware that the appropriation map and description had been filed indicates that they were not disturbed in their use of this property. A claimant cannot be heard to attack the constitutionality of this statute by contending that he should be awarded interest to compensate him for a use of which he did not know that he had been deprived.
The possibility mentioned in the dissenting opinion herein that a property owner might make improvements to his land after the filing of the appropriation map and description has nothing to do with the payment of interest. That possibility exists regardless of whether the judgment appealed from herein be reversed or affirmed. The Thruway statute is not being attacked on any ground that it provides insufficient notice to *8 landholders. Section 347 of the Highway Law is not challenged by the parties. Only subdivision 1 of section 19 of the Court of Claims Act is alleged to be unconstitutional.
Nothing to the contrary was held in Matter of City of New York (Grand Blvd.) (212 N. Y. 538); in Matter of City of New York (Bronx Riv. Parkway) (284 N. Y. 48, affd. 313 U. S. 540), or in Jacobs v. United States (290 U. S. 13), in none of which was the controversy now before the court presented.
The judgment appealed from should be affirmed, without costs.