SENSENBRENNER, MAYOR, APPELLEE, *v.* CROSBY, APPELLANT.

[Cite as Sensenbrenner v. Crosby (1974),
37 Ohio St. 2d 43.]

(No. 73-261—Decided January 30, 1974.)

44

*Mr. James J. Hughes, Jr.*, city attorney, *Mr. Robert A. Bell* and *Mr. John L. Francis*, for appellee.

*Messrs. Fontana, Ward, Kaps & Perry* and *Mr. Harry R. Paulino*, for appellant.

O'NEILL, C. J. An automobile used in conjunction with a violation of R. C. 3719.44(B) is susceptible to the following forfeiture provision contained in R. C. 3719.47:

"Any vehicle, boat, or aircraft which has been or is being used by a person when violating any of the provisions of Sections 3719.40 to 3719.49, inclusive, of the Revised Code shall be seized and forfeited to the municipal corporation or county in which such violation occurred. The forfeiture provisions of this section shall not apply to common carriers or innocent owners, nor shall they affect the rights of a holder of a valid lien."

In turn, the enforcement of this section is restricted by the following limitation: A statute subjecting property which is lawful in its ordinary and proper use to forfeiture if used in an unlawful manner is valid only if the forfeiture is perfected in a manner consistent with the procedural due process requirements guaranteed by both the Ohio and the United States constitutions. *Grieb* v. *Dept. of Liquor Control* (1950), 153 Ohio St. 77, 90 N. E. 2d 691; *Edson* v. *Crangle* (1900), 62 Ohio St. 49, 56 N. E. 647.

The sole issue in this case is the relationship between the forfeiture statute in question (R. C. 3719.47) and a mandatory procedure that satisfies due process.

Appellant argues that the statute creating the forfeiture must either contain such a procedure or clearly refer to one established elsewhere in the state's statutes or rules of procedure, and adopt it by reference. Based upon this contention, appellant concludes that since R. C. 3719.47 does neither it is unconstitutional.

Appellee disputes appellant's contention, and con-

tends that the provisions of the Ohio Rules of Civil Procedure are sufficient to provide for a proper procedure to adjudicate a forfeiture of property based upon R. C. 3719.-47.

Due process seeks to prevent the government from arbitrarily depriving a person of his property. When considering the constitutionality of a statute allowing the state to deprive a person of property, the source of procedural rules that comport with due process requirements is irrelevant. In such case, the critical factor is the existence, or nonexistence, of constitutionally sufficient procedural rules which must be utilized.

The two principal cases cited by appellant in support of his position are not controlling in this case. The first, *People* v. *Broad* (1932), 216 Cal. 1, 12 P. 2d 941, certiorari denied, 287 U. S. 661, did hold that a California forfeiture statute similar to R. C. 3719.47 meets the requirements of procedural due process only if the statute itself provides the requisite procedure. However, the opinion in that case fails to advance any persuasive reasons for its holding, and therefore this court is not convinced that it should adopt the rule announced therein. The second case, *Edson* v. *Crangle, supra,* is distinguishable. In *Edson,* the court held a confiscation statute unconstitutional on the grounds that it gave the right of confiscation but failed "to provide a legal proceeding by which the confiscation may be adjudged, and there being no other statute providing a proceeding in such cases, it attempts to take and sell private property and place the proceeds in the public treasury without any process of law." 62 Ohio St., at 65. In the instant case, the Rules of Civil Procedure, effective July 1, 1970, provide a constitutionally adequate procedure for the enforcement of R. C. 3719.47.

A statute which provides for the forfeiture of property used in the commission of a crime creates a civil action *in rem* against the property itself. *Findlay* v. *Associates Investment Co.* (1926), 115 Ohio St. 235, 152 N. E. 903. On July 1, 1970, more than a year prior to the date on which appellee instituted the present action, the Ohio Rules

46

of Civil Procedure became effective. Civ. R. 1(A) provides: "These rules prescribe the procedure to be followed in all courts of this state in the exercise of civil jurisdiction at law or in equity, with the exceptions stated in subdivision (C) of this rule." Since a forfeiture action is not within any of the exceptions listed in Civ. R. 1(C), the Rules of Civil Procedure are clearly applicable to such an action.

The Rules provide a constitutionally sufficient procedure to be utilized in adjudicating a statutory forfeiture, such as the one contained in R. C. 3719.47. The Rules contain specific methods for serving all named defendants with notice of the action. Additional parties claiming an interest in the subject matter of the forfeiture can be joined under Civ. R. 19, 19.1 and 20, or they can intervene under Civ. R. 24. The actual hearing itself will be conducted as in any other civil action governed by the Rules, with all parties entitled to present evidence and cross-examine witnesses.

It is obvious that, prior to the trial court's granting of appellant's motion to dismiss, the present action proceeded in accordance with the Rules of Civil Procedure. Appellant, owner of the automobile sought to be forfeited, was served with a copy of the complaint filed by appellee. Appellee subsequently joined appellant's parents as necessary and indispensable parties because they were listed on the automobile's certificate of title as lienholders. Had the trial court not granted appellant's motion to dismiss, an evidentiary hearing would have been conducted; the appellant and the lienholders would have had an opportunity to present evidence; and the forfeiture action would have been concluded in accordance with all the requirements of procedural due process.

The Court of Appeals correctly reversed the Municipal Court's judgment granting appellant's motion to dismiss and remanded the cause for further proceedings. The judgment of the Court of Appeals is, therefore, affirmed.

*Judgment affirmed.*

HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.