THE STATE, EX REL. TAYLOR ET AL., APPELLANTS, *v.*
WHITEHEAD, ZONING INSPECTOR, ET AL., APPELLEES.

(No. 81-1487—Decided May 5, 1982.)

38

*Mr. Horace W. Baggott,* for appellants.
*Mr. James F. Brandabur, Messrs. Miller, Finney & Clark, Mr. Robert A. Miller* and *Mr. Paul W. Barrett,* for appellees.

CELEBREZZE, C. J.   The issue presented for this court's resolution is whether the use of the land by a public utility results in an unconstitutional taking of the neighboring landowners' property rights.

Appellants contend that the use of land by a public utility not possessing the power of eminent domain, in violation of township zoning regulations, is an unconstitutional taking, without compensation of neighboring property owners' right of enjoyment. They argue that their properties declined in value, that their right to the continuation of the higher zoning classification has been denied and that the trucks caused damage to the public road and bridge and private fences.

Initially, we note that the zoning classification was changed by the local authorities to accommodate the trucking

business. Thus, appellants' assertion that the trucking terminal is in violation of the zoning is moot.

However, the zoning classification imposed by the township is irrelevant because public utilities are exempt according to R. C. 519.21. That statute provides in pertinent part:

"Such sections confer no power on any board of township trustees or board of zoning appeals in respect to the location, erection, construction, reconstruction, change, alteration, maintenance, removal, use, or enlargement of any buildings or structures of any public utilities or railroad, * * * for the operation of its business."

The thrust of appellants' argument is that this statutory exemption is an unconstitutional taking. Therefore, the question is whether appellants' allegations in their petition could, if proven, constitute a taking. We conclude that appellants' allegations are not sufficient to constitute a taking. Therefore, we hold that the exemption of public utilities from local zoning regulations provided in R. C. 519.21 does not result in unconstitutional taking of private property rights.

To establish that a taking exists, Ohio courts have required a substantial or material interference with property rights, as well as substantial or special injury. "Any actual and material interference with such [property] rights which causes special and substantial injury to the owner, is a taking of his property." *Mansfield* v. *Balliett* (1902), 65 Ohio St. 451, paragraph two of the syllabus.

Similarly, in *Smith* v. *Erie Rd. Co.* (1938), 134 Ohio St. 135, this court stated, at page 142: " * * * [a]ny substantial interference with the elemental rights growing out of ownership of private property is considered a taking." A "taking" was described as any substantial interference with private property, by which the owner's rights to its use or enjoyment, is in any substantial degree abridged or destroyed. *Fleming* v. *Noble* (1959), 111 Ohio App. 289, 294.

Clearly, none of the allegations in this case, either individually or collectively, satisfies the degree of interference or injury required by Ohio law to establish a taking. Even if appellants could prove that their properties decreased in value, diminution is not itself a taking. *Curtiss* v. *Cleveland* (1957), 166 Ohio St. 509, paragraph two of the syllabus.

Contrary to appellants' second basis for alleging a taking, landowners do not have a right to rely upon the continuation of a higher zoning classification for neighboring property so as to prevent adoption of a subsequent amendatory ordinance. *Id.* Furthermore, appellants' claim of damage caused by the trucks to the public road and bridge and private fences does not qualify as a taking of private property rights. Thus, none of the claims advanced by the appellants constitutes a taking of private property rights. Our conclusion is supported by the presumption that R. C. 519.21 is valid. "Laws enacted in the proper exercise of the police power * * * even though they result in the impairment of the full use of property by the owner thereof, do not constitute a 'taking of private property' * * *." *Pritz* v. *Messer* (1925), 112 Ohio St. 628, paragraph one of the syllabus.

Appellants have failed to establish that the exemption of public utilities from local zoning regulations, provided for in R. C. 519.21, results in an unconstitutional taking of private property rights.

Accordingly the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

W. BROWN, SWEENEY, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

LOCHER, J., concurs in the judgment.