CITY OF NORWOOD, APPELLANT, *v.* CANNAVA ET AL., APPELLEES.

[Cite as Norwood *v.* Cannava (1989), 45 Ohio St. 3d 238.]

(No. 88-908—Submitted April 26, 1989—Decided September 13, 1989.)

*Wood & Lamping, John P. Scahill* and *Mark R. Fitch,* for appellant.

*Smith & Schnacke, Leon L. Wolf* and *Sandra P. Kaltman,* for appellees.

MOYER, C.J.  The sole issue presented by this appeal is whether the date of taking for computation of interest pursuant to R.C. 163.17 is the date the appropriating authority first takes action which depreciates the value of the property or the date when the appropriating authority takes actual physical possession of the property.

R.C. 163.17 provides in pertinent part:

"Where the agency has the right to take possession of the property before the verdict upon payment into court of a deposit, and a portion of said deposit may be withdrawn immediately by the owner, the amount of the verdict which exceeds the portion of the deposit withdrawable shall be subject to interest from the date of taking to the date of actual payment of the award."

As we indicated in *Cincinnati* v. *Dale* (1969), 20 Ohio St. 2d 32, 34, 49 O.O. 2d 187, 188, 252 N.E. 2d 287, 288, the date of taking for the purpose of valuing an appropriated property is not necessarily the date of taking for computation of interest thereon. The two dates serve different purposes.

The purpose of determining the date of taking for valuation is to ensure that the property owner is paid the fair value his property had before it was devalued by the activities of the appropriating authority prior to taking possession. *Bekos* v. *Masheter* (1968), 15 Ohio St. 2d 15, 18, 44 O.O. 2d 9, 11, 238 N.E. 2d 548, 551. The interference that constitutes a taking for valuation

purposes might begin much earlier than the date the appropriating authority takes possession of the property. Where that is the case, the property should be valued as of the date of the interference. See *First English Evangelical Lutheran Church of Glendale* v. *Los Angeles Cty.* (1987), 482 U.S. 304, 316-317.

However, the date of taking for awarding interest may be different from the date of taking for valuation purposes because the purpose of the former is to ensure that the property owner is fully compensated where the payment of compensation on the appropriated property is not contemporaneous with the taking of physical possession of the property. Interest payment is compensation for the delay in payment for the appropriated property. *Wayne Twp. in Passaic County* v. *Ricmin, Inc.* (1973), 124 N.J. Super. 509, 514, 308 A. 2d 27, 30; Black's Law Dictionary (5 Ed. 1979) 730.

Stated differently, where the property owner is not compensated simultaneously with the taking of possession, the compensation must include an amount (interest) in addition to the value of the property as of the date of taking for valuation purposes, for the delay in making payment. *United States* v. *Thayer-West Point Hotel Co.* (1947), 329 U.S. 585. See *Redevelopment Agency of Burbank* v. *Gilmore* (1985), 38 Cal. 3d 790, 799, 214 Cal. Rptr. 904, 911, 700 P. 2d 794, 801; *State, ex rel. Steubenville Ice Co.,* v. *Merrell* (1934), 127 Ohio St. 453, 189 N.E. 116, syllabus. The payment of interest is awarded as compensation for the period of dispossession before payment of value for the appropriated property. No interest is due when the taking of possession is contemporaneous with the payment of compensation for the property. This rule accords with the constitutional man-

date that just compensation be paid for appropriated property. *Atlantic & Great Western Ry. Co.* v. *Koblentz* (1871), 21 Ohio St. 334; *Cincinnati* v. *Whetstone* (1890), 47 Ohio St. 196, 24 N.E. 409; Section 19, Article I of the Ohio Constitution.

Foreign jurisdictions have followed two old Supreme Court cases holding that one whose property has been condemned is not entitled to interest during the time he retains possession or use thereof. *Bauman* v. *Ross* (1897), 167 U.S. 548, 598; *Shoemaker* v. *United States* (1893), 147 U.S. 282, 321. See, also, 27 American Jurisprudence 2d (1966) 117, Eminent Domain, Section 303. No constitutional mandate is violated by denial of interest for the period that the landowner has enjoyed the beneficial use of the property. *La Porte* v. *New York* (1959), 6 N.Y. 2d 1, 187 N.Y. Supp. 2d 737, 159 N.E. 2d 540. Failure to pay interest for the period from the date used to value the property to the date of actual possession does not amount to failure to pay just compensation where the property owner remains in possession and enjoys the benefits of the land. See *Norcross* v. *Cambridge* (1896), 166 Mass. 508, 44 N.E. 615.

We acknowledge that the mere institution of condemnation proceedings generally causes some interference with the enjoyment of property.[1] However, that interference does not create a constitutional right to the payment of interest if the property owner is in receipt of rent and profits from the land. *Bauman, supra,* at 598.

Appellees suggest that we order an award of interest from August 19, 1982 to September 1, 1984, regardless of the fact that they were in possession

---

[1] We do not have before us the issue of damages that may be due the Cannavas for the loss of value to their property.

of the property and collected a substantial amount of rental income during the period. They contend that although they collected $21,713 in rental income, they sustained a reduction of $5,585 in expected rental income due to actions taken by the city which reduced the rental value of their property.

While the initiation of condemnation proceedings may reduce the rental value of property, impairment of rental value incident to otherwise legitimate governmental action ordinarily does not constitute a taking for the purpose of awarding interest where the landowner remains in possession of the property. See *Kirby Forest Industries, Inc.* v. *United States* (1984), 467 U.S. 1. The record shows that appellees remained in possession of the property during the period in question and continued to receive income therefrom. Even though appellees may have sustained a reduction in rental income, they were not dispossessed or deprived of economically viable use of their property prior to the date the city took possession of the property.

For the foregoing reasons, we hold that pursuant to R.C. 163.17, the date of taking for awarding interest is the date the appropriating authority takes physical possession of the appropriated property — in this case, September 1, 1984.

Appellees also argue that the first trial judge's determination of the date of taking for awarding interest was binding upon the second trial judge. As we have shown, the date as determined by the first trial judge is erroneous.

Accordingly, the judgment of the court of appeals is reversed.

*Judgment reversed.*

SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., concurs in judgment only.