The STATE of Ohio, Appellee,

v.

PENROD, Appellant.

[Cite as *State v. Penrod* (1992), 81 Ohio App.3d 654.]

Court of Appeals of Ohio,
Scioto County.

No. 91 CA 1986.

Decided July 2, 1992.

*Lynn Alan Grimshaw*, Prosecuting Attorney, and *R. Randolph Rumble*, Assistant Prosecuting Attorney, for appellee.

*James Scott Smith* and *Charles E. Smith*, for appellant.

*Per Curiam.*

This is an appeal from a judgment entered by the Scioto County Court of Common Pleas denying the motion of Leonard Penrod, movant below and appellant herein, for an award of postjudgment interest.[1] Appellant assigns the following errors for our review[2]:

I. "In an action commenced pursuant to former [R.C.] 2933.41 the action is civil in form and [the] real party in interest is the person or entity that ultimately receives or attempts to receive the item subject to the action not the State of Ohio."

II. "Pursuant to Ohio Revised Code Section 1343.03, the Appellant, Leonard Penrod, is entitled to interest upon the judgment entry entered by the Court of Appeals, Scioto County, Ohio, on January 15, 1985."

---

**1.** In actuality, the judgment of the trial court was that the motion be "dismissed." It should be noted that a motion is an application to the court for an order, Civ.R. 7(B)(1), the determination of which is then made by an entry either granting or denying the relief sought. 60 Corpus Juris Secundum (1969) 55, Section 38c. Inasmuch as the trial court gave consideration to the merits of appellant's motion below, we shall treat the trial court's disposition as a denial of relief rather than a dismissal.

**2.** Appellant's brief actually designates five "propositions of law" rather than a statement of the assignments of error presented for review as required by App.R. 16(A)(2). Nevertheless, we shall treat them as assignments of error.

III. "The Constitutions of the United States of America and the State of Ohio demand that private property of persons shall be inviolate and that when property is seized compensation shall be made to the owner thereof by virtue of the Fourteenth Amendment to the United States Constitution and Sections 16 and 19, Article I, of the Constitution of Ohio."

IV. "If property is not lost, stolen or abandoned, is not alleged to have been used or obtained illegally, and has been found to not be subject to forfeiture, the continued deprivation of the owner's use, control, and possession of said property amounts to an appropriation of said property and the rightful owner thereof is entitled to interest thereon, pursuant to ORC 163.17, and the Ohio Constitution."

V. "Pursuant to the general constitutional law and the statutes of the State of Ohio, when a prosecuting attorney comes into possession of money that has been judicially determined to not be lost, stolen, or abandoned, is not alleged to have been used illegally and is not subject to forfeiture, the person from whom said money was taken is entitled to interest on the sum of money from the date of the judgment that determined the disposition of the money." (Numbering by the court.)

This appeal represents yet another episode in the long-standing conflict between appellant and the offices of the Prosecuting Attorney for Scioto County. A brief summary of the events leading up to this particular appeal is as follows.

On April 21, 1982, appellant was arrested in Wheelersburg, Ohio, and charged with trafficking in drugs. The following day, a suitcase was seized from appellant's room at the Days Inn Motel. On April 23, 1982, a search warrant was issued and $14,665 in cash was found inside the suitcase. Appellant disclaimed any interest in this money, but pled guilty to trafficking in marijuana. The trial court sentenced appellant to one to ten years of imprisonment and then later released him on shock probation.

On May 21, 1982, the state filed a motion to dispose of the property which had been seized at the time of appellant's arrest. On July 16, 1982, appellant filed a motion to recover property which had been seized from him after his arrest including, *inter alia*, the money that was in the suitcase.[3] The trial court found that appellant had no right to recover the money from the suitcase but, on the other hand, the state had not fully complied with the

---

3. Appellant explained that he had previously denied any interest in such money because it had been found in a suitcase containing marijuana and pills and that he did not want to be charged with any further offenses. Appellant asserted that the money was, indeed, his and that most of it represented the proceeds of a loan repayment by a friend in the British Colony of Hong Kong.

statutory procedures for disposing of the property. Both sides renewed their respective motions later that year and, on December 6, 1982, the trial court entered judgment sustaining the state's motion to dispose of the property.

In *State v. Penrod* (Dec. 19, 1984), Scioto App. No. 1448, unreported, 1984 WL 5700 (hereinafter referred to as *"Penrod I"*), we reversed and held that the state had not shown that it was lawfully entitled to such money. Thus, we remanded the action with instructions to the lower court to order the release to appellant of all monies then held by the Scioto County Prosecuting Attorney.

The prosecutor misinterpreted our mandate in *Penrod I* and returned only $2,020 of the money which had been seized. In so doing, the prosecutor argued that the remainder had already been spent on the purchase of certain items to combat drug trafficking and, therefore, was no longer being held by him. Thus, the prosecutor concluded, the money which had already been spent was not subject to our ruling in *Penrod I*. Appellant then commenced a conversion action against the prosecuting attorney for those monies which had already been spent. Although the trial court dismissed the action for lack of subject matter jurisdiction, we reversed that judgment and remanded the case for consideration on the merits. See *Penrod v. Scioto Cty. Pros. Atty.* (Mar. 14, 1988), Scioto App. No. 1633, unreported, 1988 WL 33005 (hereinafter referred to as *"Penrod II"*).

Upon remand, both parties filed motions for summary judgment with supporting memoranda. On September 26, 1988, the trial court found in favor of appellant and entered summary judgment in his favor. On April 11, 1989, appellant renewed a motion which had previously been made in 1984 requesting the court to order the return of all money seized from appellant on the basis of our prior holding in *Penrod I*. Although the trial court had never ruled on the first such request, the second motion was granted on April 20, 1989.

The above noted judgments were reviewed by this court in the consolidated appeal of *Penrod v. Scioto Cty. Pros. Atty.* (Apr. 3, 1990), Scioto App. Nos. 1771 and 1818, unreported, 1990 WL 42285 (hereinafter referred to as *"Penrod III and IV"*). In this last case, we held that there had been no actual conversion of the seized money by the Scioto County Prosecutor and, therefore, the summary judgment granted to appellant on that issue should be reversed. Nevertheless, we ruled that the trial court had correctly ordered the state to return all monies seized from appellant pursuant to our mandate in *Penrod I*. Although the Ohio Supreme Court initially agreed to hear an appeal of this decision, (1990), 54 Ohio St.3d 715, 562 N.E.2d 162, the appeal was later dismissed *sua sponte* as having been improvidently allowed, *Penrod*

*v. Scioto Cty. Pros. Atty.* (1991), 59 Ohio St.3d 602, 571 N.E.2d 436. It would appear from the record, as well as the briefs filed herein, that the prosecuting attorney has complied with our previous order and returned the seized money to appellant.

On May 20, 1991, appellant filed a motion below requesting that he be awarded postjudgment interest on the $12,645 in seized money from the date of our judgment in *Penrod I.*[4] The state filed a memorandum in opposition to appellant's motion and, on June 28, 1991, the trial court entered judgment denying such relief on the grounds that interest would not accrue on a mere order to return seized property and, in any event, could not accrue against the state of Ohio. This appeal followed.

■ We begin by considering, out of order, appellant's second assignment of error, wherein he presents the argument that the trial court erred in not granting him postjudgment interest on the seized money from the date of our original judgment in *Penrod I.* The issue of whether a party is entitled to postjudgment interest on property seized for forfeiture, and later ordered to be returned, appears to be a novel one. Neither party has cited any authority of law directly relating to this issue and we have found none in our own research. Thus, our analysis begins with certain fundamental principles.

It is well settled that, at common law, judgments did not bear interest. *Cleveland Ry. Co. v. Williams* (1926), 115 Ohio St. 584, 586, 155 N.E. 133, 133; *Neil v. Bank* (1883), 50 Ohio St. 193, 33 N.E. 720; *Marietta Iron Works v. Lottimer* (1874), 25 Ohio St. 621, 627. Thus, if any interest is to be payable on a judgment, it must be provided for by statute. See *Merchant's Finance Co. v. Goldweber* (1941), 138 Ohio St. 474, 475, 35 N.E.2d 779, 780. Appellant relies herein on the statutory interest provisions of R.C. 1343.03(A), which provide, in pertinent part, for interest at the rate of ten percent per annum upon all judgments, decrees and orders of a judicial tribunal for the payment of money arising out of a contract or other transaction. Essentially, appellant argues that the seizure and the forfeiture proceedings below constitute an "other transaction" and, given that the repayment order was for $12,645 in cash, he is entitled to postjudgment interest under R.C. 1343.03(A). We disagree.

■ To begin, statutes providing for the accrual of interest on judgments are directed at judgments *in personam* rather than judgments *in rem.* 45

---

**4.** Our judgment in *Penrod I* was entered on January 15, 1985, and, by appellant's calculation, such interest would have exceeded $8,000 by the time this motion had been filed.

American Jurisprudence 2d (1969) 58, Interest and Usury, Section 60.[5] It is well settled in Ohio that a statute providing for the forfeiture of seized property is an *in rem* proceeding against the property itself. *Ohio Dept. of Natural Resources v. Prescott* (1989), 42 Ohio St.3d 65, 66–67, 537 N.E.2d 204, 205–206; *Sensenbrenner v. Crosby* (1974), 37 Ohio St.2d 43, 45, 66 O.O.2d 106, 107, 306 N.E.2d 413, 415; *Findlay v. Assoc. Invest. Co.* (1926), 115 Ohio St. 235, 241, 152 N.E. 903, 905. Thus, the statutory provisions in Ohio for accrual of interest on judgments would not appear to apply in the context of an order to return property which had previously been seized for forfeiture.

The accrual of postjudgment interest under R.C. 1343.03(A) is allowable on judgments arising from, among other things, tortious conduct or breach of contract or some other transaction. By their very nature, judgments arising from a tort action (*e.g.*, negligence, trespass, etc.) or a breach of contract action are going to be directed at a specific individual or entity which is then personally liable thereon. Accordingly, such judgments will be *in personam.* See *Cross v. Armstrong* (1887), 44 Ohio St. 613, 624, 10 N.E. 160, 164; see, also, *Cleveland Natl. Bank v. Burroughs Land Co.* (1917), 10 Ohio App. 61, 64 (an action for breach of contract is *in personam* ). Appellant argues, however, that the seizure and forfeiture proceedings below come under the heading of "other transaction" in R.C. 1343.03(A) and therefore he is entitled to postjudgment interest. We are not persuaded.

■ The phrase "other transaction" as it appears in R.C. 1343.03(A) is not defined by the statute and appellant cites no authority which would elaborate on its meaning. Nevertheless, we note that a "transaction" is generally defined, *inter alia*, as "an act or agreement, or several acts or agreements having some connection with each other in which more than one person is concerned and by which *the legal relations of such persons between themselves* are altered." (Emphasis added.) Black's Law Dictionary (4 Ed.1951) 1668. A judgment based on agreements altering the legal relationships between persons clearly bespeaks of an action *in personam.* Thus, we hold that a judgment arising from an "other transaction" within the meaning of R.C. 1343.03(A) refers to a judgment *in personam.* Given that a judgment arising from a forfeiture proceeding will be *in rem, Sensenbrenner, supra,* 37 Ohio St.2d at 45, 66 O.O.2d at 107, 306 N.E.2d at 415; *Findlay, supra,* 115

---

**5.** A proceeding *in rem* is an action against, or with reference to, a specific thing such that a judgment *in rem* determines the state or condition of the thing and, *ipso facto,* renders the thing whatever the judgment declares it to be. *Cross v. Armstrong* (1887), 44 Ohio St. 613, 624, 10 N.E. 160, 164. By contrast, an action *in personam* is done, or directed against, a specific person such that a judgment *in personam* seeks recovery from one's personal liability. *Id.*

Ohio St. at 241, 152 N.E. at 905, that statute does not entitle appellant to postjudgment interest on our previous order to return the seized property.

Appellant cites no other statutory provision which would warrant an award of postjudgment interest under these circumstances and we are not aware of any. Inasmuch as an award of such interest must be firmly grounded in a statutory source, appellant's second assignment of error is overruled.

We now return to appellant's first assignment of error wherein he argues that the lower court erred in denying postjudgment interest on the grounds that such relief could not be awarded against the state. At the outset, we note the general proposition that interest cannot be adjudged against the state for delay in the payment of money absent a statute requiring it or a promise to pay it. *Beifuss v. Westerville Bd. of Edn.* (1988), 37 Ohio St.3d 187, 188–189, 525 N.E.2d 20, 21–23; *Lewis v. Benson* (1979), 60 Ohio St.2d 66, 67, 14 O.O.3d 269, 269, 397 N.E.2d 396, 396; *State ex rel. Parrott v. Bd. of Public Works* (1881), 36 Ohio St. 409, at paragraph four of the syllabus. Appellant argues, however, that the postjudgment interest was being sought from the Prosecuting Attorney of Scioto County and that the lower court erroneously failed to disregard the state of Ohio as the nominal party and consider the county prosecutor as the real party in interest. We disagree.

Appellant correctly states that a court should look behind the nominal parties to the substance of the cause to determine the real party in interest. See *State ex rel. Hofstetter v. Kronk* (1969), 20 Ohio St.2d 117, 49 O.O.2d 440, 254 N.E.2d 15, at paragraph two of the syllabus. It does not follow, however, that the state of Ohio should have been ignored in the proceedings below. Prosecuting attorneys are a part of the permanent organization of the state government and, as such, the prosecuting attorney is both law officer of the county and the public prosecutor on behalf of the state in his county. 15 Ohio Jurisprudence 3d (1979) 415, Civil Servants and Other Public Officers and Employees, Section 382. Given the integral feature of the county prosecutor in the enforcement and prosecution of the criminal laws of the state of Ohio, and considering that the seizure below occurred during proceedings which led up to a criminal prosecution brought on behalf of the state, we are not persuaded that the trial court erred on this issue.

Even assuming, *arguendo,* that the court had erred in not disregarding the state of Ohio as a nominal party below, we still would not reverse on this issue. As discussed previously in resolving appellant's second assignment of error, postjudgment interest is not awarded on *in rem* judgments entered pursuant to a statute providing for the forfeiture of property. Thus, any error in determining the real party in interest to such a proceeding would have

been harmless. See Civ.R. 61.[6] Appellant's first assignment of error is, therefore, overruled.

■ We shall jointly consider appellant's remaining three assignments of error as they all raise similar issues as to whether the state affected an impermissible taking or appropriation of his property. Provisions in both Section 19, Article I, Ohio Constitution, and the Fifth Amendment to the United States Constitution prohibit the taking of private property for public use except upon payment of just compensation.[7] In Ohio, a just compensation includes interest on the amount of the appropriation judgment or award. *State ex rel. Steubenville Ice Co. v. Merrell* (1934), 127 Ohio St. 453, 189 N.E. 116, at the syllabus; see, also, *Norwood v. Cannava* (1989), 45 Ohio St.3d 238, 240, 543 N.E.2d 802, 804. It does not follow, however, that such compensation is mandated every time there is an impairment of an owner's full use of property.

■ The constitutional requirements to make compensation are directed toward the state's use of its eminent domain powers. See 38 Ohio Jurisprudence 3d (1982) 23–25, Eminent Domain, Sections 2 and 3; 26 American Jurisprudence 2d (1966) 645, Eminent Domain, Section 7.[8] In that forfeiture statutes are enacted under the state's police powers, *Williams v. Sandles* (1915), 93 Ohio St. 92, 112 N.E. 206, at paragraph two of the syllabus; *Bd. of Commrs. of Champaign Cty. v. Church* (1900), 62 Ohio St. 318, 344, 57 N.E. 50, 52, they should not be subject to the same constitutional restrictions which are placed on the power of eminent domain.

■ Indeed, the state's police power is entirely separate and distinct from its sovereign power of eminent domain. See *Rothwell v. Linzell* (1955), 163 Ohio St. 517, 528, 56 O.O. 431, 436, 127 N.E.2d 524, 531; see, also, 1

---

6. Forfeiture proceedings have been described both as civil actions, see, *e.g., State v. Casalicchio* (1991), 58 Ohio St.3d 178, 181, 569 N.E.2d 916, 919; *Sensenbrenner v. Crosby* (1974), 37 Ohio St.2d 43, 45, 66 O.O.2d 106, 107, 306 N.E.2d 413, 415, and as actions which are criminal in nature, but civil in form, see, *e.g., State v. Lilliock* (1982), 70 Ohio St.2d 23, 24 O.O.3d 64, 434 N.E.2d 723, at paragraph two of the syllabus. Accordingly, we rely on Civ.R. 61 in designating harmless error rather than on Crim.R. 52(A).

7. Although the strictures of the Fifth Amendment are directly applicable only to the federal government, its protections against the taking of private property are applicable to the states through the Fourteenth Amendment. See *Webb's Fabulous Pharmacies, Inc. v. Beckwith* (1980), 449 U.S. 155, 160, 101 S.Ct. 446, 450, 66 L.Ed.2d 358, 364; *Chicago B. & Q. RR. Co. v. Chicago* (1897), 166 U.S. 226, 239, 17 S.Ct. 581, 585, 41 L.Ed. 979, 985.

8. Eminent domain is the power of the state to take private property for a necessary public use, without the owner's consent, upon payment of just compensation. *Turnpike Comm. v. Ellis* (1955), 164 Ohio St. 377, 380, 131 N.E.2d 397, 401; *Blackman v. Cincinnati* (1942), 140 Ohio St. 25, 23 O.O. 228, 42 N.E.2d 158, at paragraph one of syllabus.

Nichols, Eminent Domain (1988) 1–133, Section 1.42; Nowak, Rotunda & Young, Constitutional Law (1986) 398, Section 11.10.[9] Recognizing the distinction between the police and eminent domain powers, the Supreme Court has long held that laws enacted in the proper exercise of the police power, even though they result in the impairment of the full use of property by the owner thereof, do not constitute a "taking of private property" requiring compensation. *State ex rel. Taylor v. Whitehead* (1982), 70 Ohio St.2d 37, 40, 24 O.O.3d 88, 89, 434 N.E.2d 732, 734; *Pritz v. Messer* (1925), 112 Ohio St. 628, 149 N.E. 30, at paragraph one of the syllabus.

 Therefore, a seizure of property pursuant to a forfeiture statute, enacted under the state's police power, does not ordinarily give rise to a constitutional right to compensation. In the cause *sub judice*, appellant does not argue that the 1982 police seizure of the money found in his suitcase amounted to a "taking of private property." Rather, the thrust of appellant's argument is that the state affected a constitutionally compensable "taking" of his property by failing to return the $12,645 after our January 15, 1985 judgment in *Penrod I* ordering the release of all monies "now held by the [p]rosecuting attorney." Appellant then concludes that he is entitled to postjudgment interest from that date. We disagree.

The flaw in appellant's argument is that his property was, eventually, returned to him.[10] Although postjudgment interest is a component part of the just compensation required to be paid on a "taking" under eminent domain, *State ex rel. Steubenville Ice Co., supra*, at paragraph one of the syllabus, the judgment granted to appellant in *Penrod I* was for the return of specific property (*i.e.*, a specific amount of cash) rather than an appropriation award. Appellant cites no authority of law to support the proposition that postjudgment interest is appropriate in this context and we are aware of none.

Appellant also cites no authority which would support the proposition that a noncompensable seizure under the state's police power could be converted into a constitutionally compensable taking of private property. Nevertheless, our own research has uncovered some indication that, notwithstanding its extensive character, the state's police power cannot be exercised arbitrarily or

---

**9.** It has been said that the Ohio Constitution's general grant of legislative power carries an implicit grant of police power. *State v. Boone* (1911), 84 Ohio St. 346, 350, 95 N.E. 924, 924. This power is inherent in sovereignty, *id.* at 351, 95 N.E. at 924; *State v. Martin* (1958), 168 Ohio St. 37, 40, 5 O.O.2d 293, 294, 151 N.E.2d 7, 10, and is invoked by the courts to sustain legislation which is passed to provide for the public health, morals, safety or welfare. *State ex rel. Zugravu v. O'Brien* (1935), 130 Ohio St. 23, 26, 3 O.O. 74, 75, 196 N.E. 664, 666.

**10.** Appellant concedes in his brief that the sum of $12,645 was remitted to him on May 21, 1991.

unreasonably to affect, or unduly interfere with, personal rights or private property. See *Grieb v. Dept. of Liquor Control* (1950), 153 Ohio St. 77, 81–82, 41 O.O. 148, 150–151, 90 N.E.2d 691, 693–694. Any unreasonable or arbitrary exercise of the state's police power may rise to the level of a compensable taking under Section 19, Article I, Ohio Constitution. *Grieb, supra,* at 82, 41 O.O. at 151, 90 N.E.2d at 693. Although we would not ordinarily condone the six-year period .it took the prosecuting attorney to return the seized money to appellant, the unusual facts and circumstances in this case lead us to the conclusion that the state's action was neither arbitrary nor unreasonable and, thus, did not constitute a compensable taking of property.

Our previous judgment entry in *Penrod I* was inartfully worded in that it required only "the monies *now held* by the [p]rosecuting [a]ttorney" to be returned. (Emphasis added.) It was not entirely unreasonable for the prosecutor to interpret our mandate as requiring only a return of that money which was unspent and still in his possession. This language was not clarified until our decision in *Penrod III* and *IV* and, soon after the Ohio Supreme Court dismissed the appeal of that decision, the money was returned to appellant. Moreover, we note that appellant moved the court below to order a return of all seized money, pursuant to our previous order in *Penrod I,* as early as January 1985. The motion, however, was never ruled on by the court and appellant did not renew his request until 1989. These events demonstrate that the continued delay in returning the seized money to appellant was caused more by unusual circumstances and procedural mishaps than by arbitrary and unreasonable action on the part of the prosecuting attorney. Accordingly, we are not persuaded that the delay in returning such property amounted to a "taking," thereby requiring interest to be paid to appellant up until it was returned.[11]

Finally, appellant argues that if postjudgment interest is not awarded in this case then we will be setting a precedent whereby a prosecutor could wrongfully seize money for any reason and hold it interest free for however long it would take the courts to force a return of the money. To begin, these circumstances were not presented in the cause *sub judice* and this court will not address a hypothetical situation or a question which did not arise in the case before us. *State v. Newberry* (1991), 77 Ohio App.3d 818, 820, 603 N.E.2d 1086, 1088, at fn. 1; *State v. Howard* (Feb. 25, 1991), Scioto App. No.

---

**11.** Appellant also relies on R.C. 163.17 for the proposition that interest should be paid to him. However, R.C. 163.01 through R.C. 163.22, including R.C. 163.17, apply to appropriations of *real* property. See R.C. 163.02(A). Accordingly, these provisions are irrelevant to the cause *sub judice.*

89CA1840, unreported, at 5, 1991 WL 28326. Suffice it to say, the unusual facts and circumstances present in this case are inapposite to the scenario posed by appellant. Moreover, to the extent that such egregious conduct would be exhibited in the future, it is worth repeating that an arbitrary or unreasonable exercise of a state's police power may rise to the level of a compensable taking of private property. See *Grieb, supra,* 153 Ohio St. at 82, 41 O.O. at 151, 90 N.E.2d at 693. In the absence of any further indicia that such was the case below, we are not persuaded that appellant has a constitutional right to postjudgment interest. Accordingly, his third, fourth and fifth assignments of error are overruled.

Having considered all errors assigned for our review, and finding the same to be without merit, we affirm the judgment of the trial court.

*Judgment affirmed.*

STEPHENSON, P.J., GREY and HARSHA, JJ., concur.

HARSHA, Judge, concurring.

I concur in the judgment and opinion overruling appellant's arguments on appeal, but would add the following as to appellant's third, fourth and fifth "assignments of error." As noted in the principal opinion, these arguments are addressed to an alleged unconstitutional taking of appellant's property. However, in appellant's motion below, he asserted only that he was entitled to postjudgment interest pursuant to R.C. 1343.03 and did not raise the issues concerning the Constitution and R.C. 163.17. There is no indication in the record that appellant raised these issues in the proceedings below. Generally, an issue need not be considered on appeal if the issue was apparent at the time of trial and was not raised before the trial court. *State ex rel. PIA Psychiatric Hosp., Inc. v. Ohio Certificate of Need Rev. Bd.* (1991), 60 Ohio St.3d 11, 17, 573 N.E.2d 14, 20, at fn. 4; see, also, *State v. Combs* (1991), 62 Ohio St.3d 278, 290, 581 N.E.2d 1071, 1081; *State v. Awan* (1986), 22 Ohio St.3d 120, 122, 22 OBR 199, 201, 489 N.E.2d 277, 279. Accordingly, to the extent that appellant's arguments were not, but could have been, raised below, he waived any error on appeal. Although I tend to agree with the well-reasoned opinion concerning the merits of these latter assignments of error, I would therefore additionally note that waiver further supports the judgment of affirmance.