DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas in a class action lawsuit seeking the return of unlawfully assessed driver's license reinstatement fees. Because we conclude that the trial court properly ruled as to jurisdiction and statutory interpretation, but erred in the determination of post-judgment interest, we affirm in part and reverse in part.
In 1995, appellees, Steve Judy and Mark Poirier, filed a class action on behalf of themselves and other unknown parties, seeking injunctive relief and reimbursement against appellant, the state of Ohio Bureau of Motor Vehicles ("BMV"). Appellees alleged that the BMV had improperly double-billed the $250 reinstatement fee for suspended drivers' licenses, pursuant to R.C. 4511.19(L).
Initially, appellant moved for dismissal, contending that the trial court had no jurisdiction over the claim which was for "money damages." Appellant argued that the action could only be filed with the Court of Claims. The trial court denied appellant's motion, ruling that appellees' claim was for simple reimbursement and equitable relief, not money damages.
Appellees then moved for and were granted partial summary judgment on the statutory interpretation of R.C. 4511.19(L). In February 1998, the trial court found that the statute did not permit the collection of more than one reinstatement fee and that appellant had been improperly charging double fees. In response to this decision, appellant then agreed to mail notices to 70,722 class members, as identified by its own records. Ultimately, members were given until September 30, 1999, to file proofs of claim; 20,163 persons with 20,874 claims were submitted. On February 6, 2001, the court ordered appellant to pay reimbursement plus post-judgment interest from February 20, 1998, the date of the trial court's judgment entry determining that appellant had improperly charged double reinstatement fees.
Appellant now appeals, setting forth the following three assignments of error:
"ASSIGNMENT OF ERROR NO. 1
 "THE TRIAL COURT ERRED AS A MATTER OF LAW IN EXERCISING JURISDICTION IN THIS CASE AS THE REMEDY SOUGHT AND AWARDED TO PLAINTIFF-APPELLEES WAS ONE FOR MONEY DAMAGES THUS VESTING EXCLUSIVE ORIGINAL JURISDICTION WITH THE OHIO COURT OF CLAIMS.
"ASSIGNMENT OF ERROR NO. 2
 "THE TRIAL COURT ERRED AS A MATTER OF LAW IN RULING THAT FORMER R.C. 4511.191(L) PERMITTED THE BUREAU OF MOTOR VEHICLES TO COLLECT ONLY ONE REINSTATEMENT FEE WHEN APPELLEE CLASS IN FACT INCURRED TWO SEPARATE AND DISTINCT SUSPENSIONS OF THEIR DRIVER'S LICENSE [sic].
"ASSIGNMENT OF ERROR NO. 3
 "TRIAL COURT ERRED AS A MATTER OF LAW IN AWARDING POST-JUDGMENT INTEREST ACCRUING FROM FEBRUARY 20, 1998, AS THERE WAS NO MONEY DUE AND PAYABLE AT THAT TIME PURSUANT TO THE TRIAL COURT'S DECISION OF FEBRUARY 20, 1998."
 I.
Appellant, in its first assignment of error, contends that the trial court had no jurisdiction over appellees' claims. Rather, appellant argues that jurisdiction lies exclusively with the Ohio Court of Claims.
As we recently stated, "[i]n 1975, the Court of Claims Act, R.C. Chapter 2743, was passed which waived the state's immunity from suit and created a court of claims to have exclusive, original jurisdiction over suits permitted by the act. R.C. 2743.03(A). Any actions against the state which the courts had entertained prior to the act, however, can still be maintained outside of the court of claims. R.C. 2743.02(A)(1); RacingGuild of Ohio, Local 304 v. State Racing Comm. (1986), 28 Ohio St.3d 317,503 N.E.2d 1025. It is well-settled that prior to the passage of the Court of Claims Act, declaratory judgment actions were permitted against the state. Friedman v. Johnson (1985), 18 Ohio St.3d 85,87, 480 N.E.2d 82. Moreover, R.C. 2743.03(A)(2) provides that `this division does not affect, and shall not be construed as affecting, the original jurisdiction of another court of this state to hear and determine a civil action in which the sole relief that the claimant seeks against the state is a declaratory judgment, injunctive relief, or otherequitable relief.' (Emphasis added.)" State v. Osborn (Oct. 5, 2001), Huron App. No. H-01-011, unreported.
In this case, appellees' complaint sought injunctive relief and simple reimbursement of the allegedly improperly assessed fees. Contrary to appellant's argument, these claims were not "money damages," i.e. compensation in substitution for other injuries. We agree with the trial court's determination that these claims are within the exceptions provided by R.C. 2743.03(A)(2). Therefore, the common pleas court properly invoked its jurisdiction.
Accordingly, appellant's first assignment of error is not well-taken.
 II.
Appellant, in its second assignment of error, argues that the trial court erred in its interpretation of former R.C. 4511.191(L) regarding the collection of reinstatement fees.
R.C. 4511.191(L), applicable at the time of appellees' suspensions, stated:
 "(L) At the end of a suspension period under this section, section 4511.196, or division (B) of section 4507.16 of the Revised Code and upon the request of the person whose driver's or commercial driver's license or permit was suspended and who is not otherwise subject to suspension, revocation, or disqualification, the registrar shall return the driver's or commercial driver's license or permit to the person upon the occurrence of all of the following * * *
 "(2) Payment by the person of a license reinstatement fee of two hundred fifty dollars to the bureau of motor vehicles * * *."
We agree with the trial court's interpretation that R.C. 4511.191(L) does not provide for multiple fees for what is essentially one reinstatement of one license. The statute does not reference the reinstatement fee to "each" suspension period. Rather, the statute's unambiguous purpose is to provide the procedure for reinstating a driver's license which has been suspended under any of three enumerated sections. The plain language of the statute simply does not authorize the imposition of multiple reinstatement fees pertaining to an administrative license suspension and the adjudicated suspension based upon the same set of facts. We also note that the newest version of R.C.4511.191(L) provides for a higher reinstatement fee but specifically adds that:
 "* * * the person is liable for payment of, and shall be required to pay to the bureau, only one reinstatement fee of four hundred five dollars. The reinstatement fee shall be distributed by the bureau in accordance with division (L)(2) of this section."
Accordingly, appellant's second assignment of error is not well-taken.
 III.
Appellant, in its third assignment of error, argues that the imposition of post-judgment interest from the February 20, 1998 decision was improper. We agree.
Interest for delay in payment may not be assessed against the state without statutory authority to do so. See State ex rel. Montrie NursingHome, Inc. v. Creasy (1983), 5 Ohio St.3d 124, 126-127,; State v. Penrod
(1992), 81 Ohio App.3d 654, 661. Although not addressed by either party to this appeal, R.C. 1343.03 does not provide statutory authority to assess interest against the state. Furthermore, we can find nothing to support such an award. Therefore, the trial court's award of post-judgment interest was improper.
Accordingly, appellant's third assignment of error is well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed, in part, and reversed, in part, and remanded to the trial court for proceedings consistent with this decision. Court costs of this appeal are assessed equally between the parties.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., and James R. Sherck, J., CONCUR.